A morgagee,
before he
brings an ac-
tion of eject-
ment against
the morgagor,
must give no-
tice to quit the
premises, six
calendar
months before
service of the
declaration.

## Jackson, *ex dem.* Benton *against* Laughhead.

THIS was an action of ejectment, brought to recover land in *Vernon*, in the county of *Ontario*. The cause was tried before Mr. Justice *Livingston*, at the *Ontario* circuit, the 20th of *June*, 1806. The lessor of the plaintiff was the mortgagee, and the defendant the mortgagor, of the premises in question, who had continued in possession since the mortgage was given. It was insisted, on the part of the defendant, that he was entitled to notice to quit, and some evidence of a notice was offered; but a verdict was taken for the plaintiff, subject to the opinion of the court on the question, whether the defendant was entitled to a notice from the plaintiff, to quit the premises previous to the action.

The case was submitted to the court without argument.

LIVINGSTON, J. We are now to say, without argument, whether a mortgagor be entitled to notice to quit, and if so, when such notice is to be given.

In answering the first question, which is fixing a point of practice, I shall not think it necessary to go through the English cases, which are not sufficiently uniform to be of much service, nor to ascertain whether a mortgagor be a tenant at sufferance, or at will, or from year to year. It is sufficient for my purpose, that he occupies with the mortgagee's consent, and that by a perfect understanding between them, he uses the premises as his own. Most commonly his interest is much greater than that of the mortgagee, and in practice we know, that no tenant at will, for years, or even for life, exercises such unlimited dominion over land as the mortgagor. It comports then, neither with reason nor feeling, to permit him to be put to the expense and vexation of an ejectment, without a previous request to quit. This is no hardship on the mortgagee, while a contrary practice may be much abused, in a country where so many thousand estates are held in this way. Without any nice disquisition of the

rights and duties of particular tenants, (which may per-plex, but cannot elucidate the question,) I am ready to say, that no person who holds land by another's [*] consent, for an indefinite period, ought ever to be evicted by ejectment, at the suit of such party, without a previous notice to quit. This should especially be required in all cases of mortgages, because the mortgagor may not only surrender the possession of the land, but may protect himself against an action by payment of the money due. The case of *Keech* v. *Hall*, in *Douglass*, 21. is not an authority here, and it is enough to say that we may be permitted to regulate a mere matter of practice, even in opposition to what may, under other circumstances, be deemed a better course in Westminster-Hall.

If a notice be requisite, to be reasonable, it should be delivered six calendar months previous to the service of a declaration. The defendant, therefore, is entitled to judgment.

KENT, Ch. J. SPENCER J. and TOMPKINS, J. concurred.

THOMPSON, J. I cannot concur in the opinion of the court in this case. It is an action of ejectment, by the mortgagee against the mortgagor, and the question now presented is, whether the defendant was entitled to notice to quit, previous to the commencement of the suit against him. If we adopt the practice of the English courts on this question, it is well settled that no notice was necessary. In the case of *Keech* v. *Hall*, (*Doug.* 21.) Lord *Mansfield* says, when the mortgagor is left in possession, the true inference to be drawn, is an agreement that he shall possess the premises at will, in the strictest sense, and therefore no notice is ever given him to quit. If the mortgagor is to be deemed a tenant at will (and he certainly cannot have a greater estate) no notice was necessary, according to the repeated decisions of this court. (*Jackson*, ex dem. v. *Van Alen, January* 1799. *Jackson*, ex dem. *Gansevort* v. *Sample, October term*, 1799. 2 *Caines*, 174. *Jackson* v. *Bradt.*) I see no

more substantial reason for requiring notice to be given to a mortgagor, where the proceedings against him are by ejectment, than there would be should the mortgagee elect any other mode prescribed by law, to foreclose his mortgage, or recover his debt. It might perhaps in most cases save expense to debtors, if they [*] were apprised of the intention of their creditors to prosecute, before the commencement of suits against them ; yet this reason has not been deemed sufficiently important to require such notice. I am inclined to adhere to what I consider the settled practice, that no notice to quit was necessary.— If it be expedient to introduce a new rule of practice, I should think that it ought not to be applied to the present case, as the effect of it will be to produce a further delay of at least six months, and to throw on the lessor of the plaintiffs the costs of the present suit.

Judgment for the defendant.*