NEW-YORK,
October, 1811.

JACKSON, *ex dem.* KEMBALL, *against* VAN SLYCK.

JACKSON,
v.
VAN SLYCK.

THIS was an action of ejectment, brought to recover the easterly half of the westerly quarter of lot No. 41. in *Springfield* patent. The cause was tried at the *Otsego* circuit, in *June* last, before Mr. Justice *Van Ness.*

*An equitable title or interest, as a resulting trust, cannot be set up as a defence in an action of ejectment against the legal title.*

The plaintiff gave in evidence a deed for a piece of land, including the premises in question, dated in *June,* 1803, from *Julius Shaw* to the lessor; subject to a previous mortgage from *Shaw* to *John White,* dated 13th of *January,* 1802. The lessor took possession of the land under his deed, and continued possessed about two years, when the defendant entered, and has remained in possession since. The plaintiff offered to prove, by parol, that both the lessor and defendant had said, that the defendant took possession under a deed from the lessor to him, and claimed title under the lessor, subject to the same mortgage. This evidence was objected to, and over-ruled by the judge.

It was proved by the defendant, that the lessor had said that he had agreed to purchase of the defendant a tract of land, including the premises in question; and that the premises, with other lands, had been sold by virtue of a mortgage executed by *Shaw* to *White;* that he, the lessor, had taken a deed from *White* for the lands mortgaged; and that he had acted for the defendant, in making the purchase, and that part of the money had been paid by the defendant; and that to serve the defendant, he, the lessor, had taken much pains to procure the residue of the money to pay *White* what was due on the mortgage, &c.

It was admitted that the mortgage and the sale under it, were regular.

The defendant offered to prove, by *parol,* that he had

NEW-YORK,
October, 1811.

JACKSON
v.
VAN SLYCK.

paid about eighty dollars of the purchase-money to *White*, and that the lessor, in making the purchase, acted as his agent, and for his benefit, &c. ; which evidence was objected to, and overruled by the judge. It was admitted that the purchase by the lessor was made with his own money, except about 80 dollars, paid by the defendant.

The jury, under the direction of the judge, found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial. The cause was submitted to the court, without argument.

*Per Curiam.* Whether the lessor of the plaintiff purchased the premises, with the money of the defendant, and so became seised for the defendant, in consequence of the resulting trust, is not a material inquiry in this case. Admitting the fact, which was offered to be proved by parol, (and this admission is more than the proof warranted,) the plaintiff was entitled to recover, because a court of law can look only to the legal estate. An equitable interest cannot be set up in ejectment, as a defence against the legal title. This is a well established principle. (*Jackson, ex dem. Potter, v. Sisson,* 2 *Johns. Cas.* 321. *Jackson, ex dem. Smith,* v. *Pierce,* 2 *Johns. Rep.* 231. and the authorities there referred to.)

Motion denied.