JACKSON, *ex dem.* BARCLAY and BAYARD, *against* S.
HOPKINS.

THIS was an action of ejectment for part of lot No. 79, *A power of attorney to demand and receive a debt, secured by a mortgage, and to execute a release and discharge thereof, &c. is not within the act concerning deeds, (1 N. R. L. 369. sess. 36. ch. 97.) and, therefore, not entitled to be read in evidence on the certificate of acknowledgment, or proof thereof before a judge, but must be proved by the subscribing witness, or other evidence of its execution.* in *Virgil,* tried at the last *Cortlandt* circuit, before Mr.
Chief Justice *Spencer.*

At the trial, the plaintiff gave in evidence a mortgage executed by the defendant, to *Barclay,* one of the lessors, dated the 20th of *February,* 1815, given to secure the payment of a bond, the time of payment of which had elapsed, before the commencement of the suit. The defendant was in possession of the premises. The plaintiff, also, gave in evidence an assignment of this mortgage from *Barclay* to *Bayard,* the other lessor, dated the 23d of *May,* 1817, and which had been duly recorded.

The defendant rested his defence on the payment and satisfaction of the mortgage; and to prove which, he offered in *A mortgagor in possession is entitled to notice to quit, before an action of ejectment is brought; but if the mortgagor sells the premises absolutely, the purchaser from him, is not entitled to notice to quit.* evidence a power of attorney from *Barclay* to *David Cole,* dated the 18th of *November,* 1815, authorizing him to demand and recover, among others, the debt due to *Barclay* from the defendant, and to release and discharge the same. There was a subscribing witness to the execution of the power, which was acknowledged by the party before one of the Judges of the Court of C. P. of *Cortlandt* county, who had endorsed on it a certificate of such acknowledgment.

The plaintiff's counsel objected to the reading of the *An assignment of the mortgage, by the mortgagee, does not destroy the privity of estate, or change the condition of the mortgagor's tenancy.* power of attorney in evidence, unless it was proved by the subscribing witness; and the Chief Justice decided that it must be so proved, before it could be received.

The defendant then offered in evidence a certificate duly proved, dated the 10th of *April,* 1817, made by *David Cole,* as attorney of *Barclay,* authorizing satisfaction of the said *Offering to show that the mortgage had been paid and satisfied, is not a waiver of notice to quit.* mortgage to be entered of record. This evidence was objected to, unless the power under which *D. C.* acted, was first proved, and, it was, accordingly, rejected.

The defendant's counsel then moved for a nonsuit, on the

ALBANY,
January, 1821.

JACKSON
v.
HOPKINS.

ground, that the defendant was entitled to a previous notice to quit, and a verdict was taken for the plaintiff, subject to the opinion of the Court on that point.

The case was submitted to the Court, without argument.

SPENCER, Ch. J. delivered the opinion of the Court. The power of attorney from *Barclay* to *Cole*, does not come within the provisions of the statute. (1 *N. R. L.* 369.) It is not a deed, conveyance, or writing of, or concerning any lands, tenements, or real estate, and, therefore, was not entitled to be read on the acknowledgment of the party; and that was the only proof of its execution. Was the defendant entitled to notice to quit, prior to the commencement of the suit? We think, that he was entitled to notice. It has repeatedly been decided in this Court, that as between the mortgagor and the mortgagee, the former is to be regarded as a tenant at will by implication, and is entitled to notice, by which is meant six months notice to quit. Where a mortgage is given to secure a debt, and the mortgagor is left in possession, we have considered that there existed a tacit and implied agreement, that the mortgagor should continue to hold possession. His possession then, being a lawful one, he cannot, and ought not to be treated as a trespasser, and subjected, at once, to an ejectment. But where the mortgagor sells the mortgaged premises absolutely, the purchaser from him is not entitled to this notice, because the sale itself is an act of disloyalty.

There must, undoubtedly, be a privity of contract or estate, between the lessor and the tenant, to require notice to quit, and here such privity existed. The mere act of the mortgagee, in assigning the mortgage, did not alter the condition of the defendant's tenancy. The objection to the want of notice, was not waived by an attempt to show that the mortgage was paid.

Judgment of nonsuit.(a)

(a) Vide 2 *Johns. Rep.* 75.   3 *Johns. Rep.* 417.   4 *Johns. Rep.* 186. 215