## PAGE v. COLE.

In an action to recover the possession of real property, brought by the person holding the legal title, an equitable title is no defence against the legal one.

A vendor of real estate, when the purchase money remains unpaid, is not compelled to pursue the course indicated in sections 2068, 2094, and 2095 of the Code.   Those sections do not take away his other rights; they only provide for certain matters, in case he resorts to that remedy.

Where a vendee takes possession of real estate, with the consent of the vendor, and fails to pay the purchase money in accordance with the terms of the contract, the vendor can sustain an action against the vendee, to recover the possession, without returning so much of the consideration as may have been paid, or tendering to the vendee, his notes for the purchase money.

Where in an action of right to recover the possession of certain real estate, the defendant answered, admitting that on the first day of May, 1856, the plaintiff was the owner in fee simple of the said premises, and averring that on that date he entered into a written agreement with defendant, to convey the premises to him for the consideration of $2,000, to be paid as follows: $500 by the conveyance by defendant to plaintiff of a certain tract of land in Johnson county, consisting of eighty acres, which was then conveyed; and the balance in one, two, and three years from date, for which three promissory notes, of $500 each, were executed to plaintiff, all which notes are not yet due; and that defendant took possession of the premises, with the consent of the plaintiff—to which answer was appended a copy of the contract, from which it appears that the notes were to draw ten per cent. interest, payable semi-annually, and that upon payment in full of said notes, the deed was to be executed and delivered; and where the plaintiff replied, admitting that defendant went into possession with the consent of plaintiff, and averring that the written obligation contained the entire contract; that the defendant had not paid either of the said notes, one of which became due on the first of May, 1857, (after which date this action was commenced), nor the semi-annual interest which had be-

come due on all the notes—and that the above sums having become due, and being unpaid, on the 29th of November, 1856, the plaintiff gave the defendant written notice to quit the premises on the first day day of March, 1857, which he refused to do—to all which replication, except the first count, the defendant demurred, for the following reasons : 1. That said replication showed that the plaintiff had received the consideration for the property, and still retains the same ; 2. That the replication does not show that plaintiff has tendered to defendant the promissory notes, and the amount paid upon the contract ; 3. That that part of the replication which avers notice to quit the possession, is in the nature of an amendment to the petition, and the addition of a new cause of action ; and, 4. That said replication shows no substantial cause of defence—which demurrer was sustained by the court : *Held*, That the court erred in sustaining the demurrer.

*Appeal from the Johnson District Court.*

Thursday, June 10.

An action for the recovery of real estate. The plaintiff claims of the defendant the possession of certain lots in Iowa City, alleging that he has the lawful title to the lots, as the owner thereof, in fee simple, and that the defendant is in possession, and unjustly withholds the same.

The defendant, answering, admits that on the first day of May, 1856, the plaintiff was the owner in fee simple ; avers that on that date, he entered into a written agreement with defendant to convey the lot to him, for the consideration of two thousand dollars, to be paid as follows : five hundred dollars, by the conveyance by defendant to plaintiff, of a certain tract of land in Johnson county, consisting of eighty acres, which was then conveyed ; and the balance, in one, two, and three years from that date, for which three promissory notes were executed to plaintiff, of five hundred dollars each, which notes are not all due ; and that defendant took possession of the lots with the consent of the plaintiff. A copy of the obligation is annexed to the answer, and shows that the notes draw ten per cent. interest, payable semi-annually ; and that " upon payment in full of said notes, the said conveyance was to be executed and delivered."

The plaintiff replies: *First*: Admitting that, defendant went into possession with the consent of plaintiff, but averring that the written obligation contains the entire terms of the agreement. *Second*: He avers that the defendant has not paid either of the said notes, (one of which became due on the first of May, 1857, after which date this action was commenced), nor the semi-annual interest which had fallen due on all of them. *Third*: That the above sum having become due, and being unpaid, on the twenty-ninth of November, 1856, he gave defendant written notice to quit the premises on the first of March, 1857, which he unjustly refused to do, and still holds the same.

The defendant demurs to all of the replication "after the first count," for the reasons, *first*: That it shows that the plaintiff has received the consideration for the property mentioned, and still retains the same; *second*: That the replication does not show that plaintiff has tendered to defendant the promissory note aforesaid, and the amounts paid on the contract; *third*: That that part of the replication which avers notice to quit the premises, is in the nature of an amendment to the petition, and the addition of a new cause of action; and, *fourth*: "Said part of the answer first above named, shows no substantial cause of defence." The district court sustained the demurrer as to the first and second causes, and overruled it as to the third. The plaintiff appeals, and assigns this decision as error.

*Clark & Brother*, for the appellant.

I.   Page still holds the legal title. Cole claims interest under Page, and cannot deny Page's title; 7 Wend., 401; besides, Cole in his answer says, that Page was the owner in fee simple on the first of May, 1856. Was Page's title ever divested or unimpaired? The writing held by Cole is only an *agreement to sell* upon conditions subsequently to be performed by Cole. Nothing in the agreement could be held to amount to a grant; there is no language whatever used, which was even held to carry a legal interest in land.

The fee remained pure in Page, after the agreement; and Cole acquired a bare equity, upon which, alone, he could not recover the property against an intruder, without the aid of the holders of the legal estate; but admitting, for the sake of this argument, that Cole acquired, by the agreement, some kind of a title, it was inferior to the legal title still held by Page, subservient to it, and not adverse to Page. 5 Cowen, 74, and 92.

II.   If Page holds the legal title, that is the *fee*, he must prevail against the mere equitable title held by Cole, for the equitable title cannot be set up in bar of the legal title.   Adams on Eject., 32, and note 1; and 2 Johns., 221.

III.   What title or right can Cole offer in bar of this action? He has no adverse title.   Does the agreement with Page give him any definite right to the possession? The writing is silent as to the possession.   He acquired no right to the possession by operation of law, under the contract, because it was merely executory, and the possession followed the legal estate.   He *must* then be a tenant; the terms of that tenantcy are indefinite, and, unless the contrary appeared, he is deemed by the law a *tenant at will*. Code, sec. 1208.   Now, Cole does not pretend, in his answer, that there was any defined tenancy; any agreement that he should remain in possession until the maturity of the contract of purchase.   He came into possession with the assent of Page, and remained in, under the agreement to purchase.   If that be true, the law of Iowa calls him a *tenant at will*, and the current of decisions throughout the country support this view.   9 Johns., 330; 4 Dana, 337; 10 Yerger., 513; Adams on Ejectment, 107, and notes.

IV.   The authorities concur entirely in the principle, that the vendor of real estate can recover the possession of his vendee, where the vendee is in under an agreement to purchase, at any time before the conveyance is made; they differ only on the question of a previous notice to quit.   *Doe d. Burnfield* v. *Brown*, 7 Blackford, 142, is di-

recectly in point; see, also, 1 Hayw., 331; 5 Blackf., 570; Adams Ejectment, marg., 107, note 1.

*Wm. E. Miller,* for the appellee.

It is true that the legal title draws with it the possession, but where the plaintiff, who holds the legal title by his written, or even oral, contract, parts with the possession, in an agreement of sale to the defendant, he is estopped from recovering it back, at least until final default, and then he must surrender the defendant's notes, and the part of the consideration paid, except so much as would be equal to the rents and profits.

Whether this was a contract *to sell,* or a *sale,* as between the immediate parties, makes no difference, when Cole was to have the possession, by the contract This court, in the case of *Pierson* v. *David et al,* 1 Iowa, 23, says that the "design of sections 2094, 2095, and 2068 of the Code, was to place the vendor and the vendee of real estate in the same position, so far as relates to the remedy, as the mortgagor and mortgagee of express mortgages." Is not Page a vendor, and Cole a vendee? I think this will not be questioned. Then Cole is entitled to the possession until foreclosure; (See Code, sec. 1210); and the plaintiff should pursue his proper remedy, the one provided him by the law. The evident intention of the legislature was to provide a safe and easy remedy in all cases, like the one at bar, and at the same time, cut off such actions as this one, and not permit a party to sell real estate to another—receive part of the purchase money in hand—notes, with interest for the balance, retain the legal title as security, give possession of the land, and afterward turn round, before final default, and dispossess the vendee. I think it cannot be done, and that this court will refer the plaintiff to his proper remedy, and affirm the judgment of the court below.

WOODWARD, J.—The prominent question here made,

notwithstanding the special matter brought to view, is in reality whether an equitable title, or defence, can be set up against the legal title.

This has been so frequently decided, and has become so settled doctrine, that it needs no argument. The long established rule is, that an equitable title is no defence against the legal one, in an action at law; *Smith* v. *Allen,* 1 Blackf., 22; *Jackson* v. *Pierce,* 2 Johns., 221; *Jackson* v. *Chase,* Ib., 84; *Jackson* v. *Langhead* Ib., 75; *Jackson* v. *Deyo,* 3 Ib., 422; *Jackson* v. *Van. Slyck,* 8 Ib., 487; Adams on Ejectment, 31, (note).

The defendant makes no question as to his right to notice to quit. The plaintiff has given notice, and there is no controversy on this point.

The defendant's argument is brief, and not very clear in its object. The purport of it seems to be, to show that plaintiff cannot maintain an action at law, but must go into chancery. It is, that by virtue of the Code, sections 2094, 2095, and 2068, the parties are, in effect, mortgagor and mortgagee; and that plaintiff must proceed to foreclose as in case of mortgage; and that by section 1210, the defendant is entitled to possession until foreclosure. But these sections have not been understood to compel the vendor to pursue the course there indicated, in all conditions and circumstances of the case. They do not take away his other rights, and are probably but an expression of the common law; or, at most, they only provide for certain matters, in case he resorts to that remedy.

The only ground remaining, which it seems probable that the defendant could intend to take, is one indicated by the pleading, rather than the argument, and that is, that the plaintiff cannot maintain ejectment, until he returns the promissory notes, and the consideration paid; in other words, until he rescinds the contract. But this ground is not tenable. Admitting the parties to hold the relation of mortgagor and mortgagee, the latter may maintain ejectment against the former, at least after forfeiture. Adams on Ejectment, 60. And farther: to say that the plaintiff

may not maintain his action at law, to recover the posses-
sion, until he has tendered back the notes, and the money
received, is to say that an equitable title may be set up
against the legal one, the contrary of which is well estab-
lished, as is above remarked; but it is true that such recove-
ry settles nothing but the present right of possession, and
leaves the vendor with his right in equity, under the
contract of sale, to which he may resort, notwithstanding
such recovery; and the plaintiff, in his argument, claims no
more than this.

Of this character, was the case of *Longworth* v. *Taylor*, 1
McLean, 392. Taylor, the vendor, had recovered posses-
sion in ejectment, and the vendee afterward filed his bill to
be permitted to perform the contract, or to enforce perform-
ance by the vendor, and it was decreed. The cases first
cited in this opinion, are of the same kind with the present.
They are *Smith* v. *Allen*, 1 Blackf., 22, and *Jackson* v. *Pierce*,
2 Johns, 226, in which there was an agreement, in wri-
ting, to sell. *Jackson* v. *Chase*, 2 Johns. 84, was a case of
mortgagee against a mortgagor. *Jackson* v. *Langhead*, 2
Johns. 75; *Jackson* v. *Deyo*, 3 Johns., 422. In this case,
the consideration was all received, and it was an absolute
covenant to convey. *Jackson* v. *Van Slyck*, 8 Johns., 487.
In this, the defendant offered to show that the plain-
tiff, in purchasing, had acted as his agent.

On whichever of these grounds the court concurred with
the defendant, we think there was error. The third
ground of dermurrer was properly overruled; and the
fourth was passed over, probably, as containing some mis-
take, which rendered it ambiguous or else inapplicable.

Judgment reversed, and cause remanded.