## FARLEY, NORRIS & CO. v. GOOCHER.

1. ACTION OF RIGHT: LEGAL AND EQUITABLE TITLE. In actions of right the legal title will prevail against an equitable one.
2. SAME. A court of law will not treat an absolute deed executed as security for the payment of money, as a mortgage.

*Appeal from Winneshiek District Court.*

TUESDAY, APRIL 23.

A statement of facts agreed upon between the parties is embodied in the opinion of the court.

*E. E. Cooley* for the appellant, relied upon Story's Equity Jur. 1018, 1004, 1005, 1012 and 1013; *Jackson* v. *Van Valkenburg*, 8 Cow. 260.

*S. A. Tupper* for the appellees, cited 4 Kent's Com. (8th ed.) 144, 148 and note; 2 Barb. S. C. R. 28; 4 Denio 493; *Montgomery* v. *Chadwick*, 7 Iowa 114; 2 White & Tudor's L. C. in Eq. part 2 page 437; *Ferrier* v. *Buzick*, 6 Iowa 258; *Cochrane* v. *Saville*, 3 G. Greene 37; *Baker* v. *Thrasher*, 4 Denio 493; Will. Eq. Jur. 431.

BALDWIN, J.—The plaintiffs claim the right of possession to the property in controversy by virtue of a sheriff's deed; the property having been attached and sold to satisfy a judgment against one Clark. The defendant claims title by virtue of a deed from said Clark to one Standring, and by deed from Standring to his wife, Mary Goocher. The cause was submitted to the court upon an agreed statement of facts, which is, in substance, as follows: On the 24th day of December, 1856, Clark was the owner in fee of the property in controversy, and on that day conveyed the same, by deed absolute on its face, to one Standring, which deed was made in security for the payment of money to become due thereafter; and that said Standring thereupon made to Clark a bond conditioned to convey said premises to said Clark on payment of said money when due, which bond was not recorded. On the 19th of January, 1857, plaintiffs attached the property in controversy as the property of Clark. On the 30th day of November, 1857, an execution issued, and sale of the property attached was made to plaintiffs on the 15th day of January, 1858; and a sheriff's deed made on the 24th of January, and recorded February 1st, 1859. On the 27th day of November, 1857, Clark and wife made another deed to Standring conveying absolutely their inter-

est in said land; and on the 25th day of February, 1859, Standring conveyed to Mary Goocher, under whom defendant holds possession. Upon this statement of facts the District Court rendered judgment for plaintiffs, and defendant appeals.

At the date of the attachment the legal title was in Standring; and Clark had only an equitable interest in the same. It was that equitable interest that was attached and sold; and this was all the plaintiffs purchased. The legal title was in Standring and was by him transferred to Mary Goocher.

It is maintained by counsel for appellees that the deed to Standring must be treated as a mortgage, it being made in security for the payment of money. The agreed statement of facts fails to show to this court what were the conditions of the bond given by Standring to re-convey. Whether time was or was not of the essence of this contract; or whether the right to a deed by Clark had been forfeited prior to the attachment of plaintiffs. Conceding that the bond was still in force, was Clark then in the position of a mortgagor? In a court of equity the deed might be treated as a mortgage, and the equity of redemption given to the vendor; but at law it could not be held as a mortgage. The plaintiffs then had, at the commencement of this action, the equitable title, that is, the right to redeem the land by paying the money secured. The defendants had the legal title. In actions of right the legal title will prevail against an equitable one. *Page v. Cole*, 6 Iowa 153; *Harmon v. Steinman*, 9 Ib. 112.

Judgment reversed.