## ABBOTT V. CHASE.

1. EQUITABLE DEFENSE AT LAW. An equitable defense cannot be made available against the legal title to real estate in an action at law.

2. MOTION TO TRANSFER. The Supreme Court will not interfere with the ruling of the court below, in refusing to transfer a cause to the chancery docket, upon the suggestion of an equitable defense, when it does not appear that the character and nature of that defense was fully stated; or when such defense is based upon a title bond, and there is no suggestion that it has not been forfeited.

*Appeal from Blackhawk District Court.*

FRIDAY, JUNE 20.

ACTION to recover the possession of real estate. The plaintiff alleged in his petition, that he was the owner in fee of the premises in controversy, upon which allegation issue was joined, and on the trial defendant offered to prove that a certain deed executed by him conveying the premises to plaintiff, and under which plaintiff claimed, was executed to secure the payment of money loaned, and was intended by the parties to be a mortgage; that a bond for the reconveyance of the premises upon the payment of the money so loaned, was executed by plaintiff to defendant cotemporaneously with the execution of the deed. This evidence the court refused to receive, whereupon the defendant offered to amend his answer, but leave to so amend was refused by the court. Verdict and judgment for the plaintiff, and the defendant appeals

*L. Chapman* for the appellant, contended:. 1. That the court erred in excluding the evidence offered; *Gillis* v. *Black*, 6 Iowa, 439; *Kilbourne* v. *Lockman*, 8 Id., 380: 2. That the bond and deed, being executed at the same time, constituted a mortgage; *Hall & Cochrane* v. *Savill*, 3 G. Greene, 37; 1 Wend., 113; *Jacobs* v. *Finkle*, 7 Ind., 434; *Kelley & Wife* v. *Beers*, 12 Mass., 389; *Bodwell* v. *Webster*,

13 Pick., 411: 3. The court should have allowed the amendment. Code, § 2977; 8 How., 451; Barb., 164; 6 How., 270.

*Bagg & Allen* for the appellee, argued: 1. That the equitable defense set out by the proposed evidence was inadmissible in an action at law, and could be made available only by motion to transfer to the chancery docket, as contemplated by §§ 2880 and 2816 of the Revision.

WRIGHT, J. — The case of *Page* v. *Cole*, 6 Iowa, 153, clearly sustains the ruling of the court below, that defendant's assumed equitable title was no defense to the legal title of plaintiff to the property in controversy.

If it be admitted that defendant's claim to have the cause transferred to the chancery docket was in time, two considerations forbid a reversal of the cause on that ground. The one is, that while it is said that defendant asked leave to plead and set up his equity, the character and nature of this plea is not stated. It may have been that the defense presented satisfied the court below that it could not avail. The other is, that while, from some affidavits and other parts of the record, it is inferred that defendant held a title bond for the conveyance of the real estate in controversy, upon the payment of a certain amount, it is no where suggested that the bond was not forfeited, nor that defendant had paid or offered to fulfill the contract on his part.

Affirmed.