## BURDICK v. WENTWORTH.

1. **Title:** CONVEYANCE: PATENT. Where H. entered a tract of public land and then conveyed the same to W., who gave her a bond for a deed, and she subsequently assigned her certificate of entry to B. and authorized him to receive the patent, both the conveyance and the assignment being recorded, it was *held* that the assignee of the certificate was invested with the legal title to the land.

2. ———: MORTGAGE. The conveyance to W. and receipt of the bond from him constituted the transaction a mortgage, differing, however, from a statutory mortgage in that W., the mortgagee, could have obtained possession at any time before or after condition broken, by an action at law, unless an equitable defense had been interposed.

3. ———: ———: STATUTE OF LIMITATIONS. The legal title of B. is not impaired by his failure to foreclose the equitable mortgage before the right of foreclosure was barred by the statute of limitations.

*Appeal from Howard District Court.*

THURSDAY, MARCH 23.

ACTION for the purpose of determining whether the plaintiff or defendant has the better title to the real estate described in petition.

*Levi Bullis*, for appellant.

A deed executed simply for the purpose of giving security should be treated as a mortgage. (*Richardson v. Barrick*, 16

Iowa, 407; *Trucks v. Lindsey*, 18 Id., 504; *Carruthers' Adm'rs v. Hunt*, 18 Id., 576.) The doctrine that time is of the essence of the contract does not apply to mortgages or title bonds which take the place of mortgages, for the title remains in the mortgagor, and he cannot be divested except by voluntary conveyance or sale under foreclosure. (*Hull v. McCall*, 13 Iowa, 471.) This plaintiff has the right to plead the statute of limitations. (*Day v. Baldwin*, 34 Iowa, 384; *McCarthy v. White*, 21 Cal., 495.) It is held in California that whatever bars an action on the note also bars the mortgage. (*Lord v. Morris*, 18 Cal., 482; Angell on Limitations, § 454.) Nothing short of actual possession for twenty years will toll the entry of the true owner, and the equity of redemption ought to be equally protected. (*Moore v. Cable*, 1 Johns. Ch., 387.) Paying taxes on wild land by the mortgagee for the statutory period is not sufficient to bar the mortgagor of his equity of redemption on the plea of adverse possession. (*Ballinger v. Choteau*, 20 Miss., 89.)

*D. W. Poindexter*, for appellee.

Although in equity the deed might be treated as a mortgage, yet at law it would not be so held. In actions of right the legal prevails over the equitable title. (*Farley et al. v. Goocher*, 11 Iowa, 572; *Page v. Cole*, 6 Id., 158.) One who has paid taxes upon lands for more than ten years, exercising acts of ownership which are adverse, public and notorious, is within the protection of the statute. (*Booth & Graham v. Small & Small*, 25 Iowa, 181.)

SEEVERS, CH. J.—The facts briefly are as follows: On the 10th day, of April, A. D. 1857, Elizabeth Hallett borrowed about two hundred dollars of the defendant, with which she entered the land in controversy, and on the same day conveyed the premises to the defendant; such conveyance was duly recorded on the 4th day of June, A. D. 1857. For the money borrowed, Elizabeth Hallett gave the defendant her note, payable with ten per cent interest in one year. The defendant gave to her a bond, whereby he agreed to convey the premises to

her upon the payment of the note and all taxes; time being made the essence of the contract. The note and bond were both dated the 10th day of April, A. D. 1857. The certificate of entry received by Mrs. Hallett was in the usual form, and this she assigned to the plaintiff, February 28, A. D. 1858, and authorized him to receive the patent. This assignment was duly filed for record March 3, 1858. On June 5, A. D. 1871, Mrs. Hallett conveyed all her title and interest in the premises to plaintiff. After obtaining the conveyance from Mrs. Hallett, the defendant conveyed the premises to other parties, who subsequently reconveyed to him.

I. The plaintiff claims in his petition that he is the owner of the legal title to the premises in controversy, and that no

1. TITLE: con-
veyance:
patent. ·

one is in possession thereof. He must recover on the strength of his own title, and not on the weakness of that of the defendant. It is perfectly clear, upon both principle and authority, that the conveyance from Mrs. Hallett to the defendant vested the legal title to the premises in the latter. *Page v. Cole*, 6 Iowa, 158; *Morris v. Goocher*, 11 Id., 572. At law the defendant has unquestionably the better and only title to the premises in controversy.

II. In equity the bond given Mrs. Hallett by the defendant stamped the conveyance from her to him as a mortgage.

2. ———.
mortgage.

This, however, is not a statutory mortgage, nor was Mrs. Hallett entitled to all the rights of a statutory mortgagor. The latter is entitled to possession, even after condition broken. The mortgagee can only obtain possession of the premises by a foreclosure and sale. But as the defendant was the owner of the legal title, he could have obtained possession of the premises by an action at law, either before or after condition broken, unless an equitable defense had been interposed. It may be admitted that the plaintiff is the owner of the equity of redemption, but this cannot prevail at law over the legal title; nor at equity without an offer to do equity by paying the indebtedness.

While the doctrine is, "once a mortgage, always a mortgage," yet there is another rule of at least as much potency: he that asks equity must do equity; and a court of equity

never will permit an equitable title to prevail over the legal, unless for the promotion of just and equitable principles.

It is, however, said that the defendant should have foreclosed the equitable mortgage; and that, because he did not

3. ——: ——: do so until the same had become barred by the statute of limitations. statute of limitations, his legal title is now worthless. We do not concur in this view, and it is sufficient to say that he is content to let matters be as they are; besides this, if his title is barred, so is that of the plaintiff.

There can be but little doubt that if the plaintiff, or those under whom he claims, desired to exercise their right of redemption, they should have done so before the right was barred, and that their failure, or that of the defendant, to foreclose, or of both combined, will not be sufficient to make the equitable title a better title than the legal.

AFFIRMED.