RICHARDS ET AL. V. CRAWFORD ET AL.

1. **Mortgage:** DEED ABSOLUTE: STATUTE OF LIMITATIONS. A conveyance of the legal title to secure the payment of money differs from a statutory mortgage in that the legal title passes to the grantee, the grantor reserving the right in equity to redeem. This right, however, may become barred by the statute of limitations, and when so barred that an action for affirmative relief cannot be maintained thereon, it cannot be interposed as a defense to an action by the grantee to recover possession of the property.

*Appeal from Howard District Court.*

THURSDAY, APRIL 10.

THE facts in this case, so far as material to the questions involved, are as follows:

In April, 1857, the defendant Henry Crawford bought a land warrant and borrowed some money of the partnership firm of Taylor, Richards & Burden, for which he gave his promissory note for two hundred and ninety-four dollars, payable in one year. To secure the payment of said note he executed and delivered to John W. Taylor, one of said firm, a general warranty deed for one hundred and sixty acres of land. At the same time the said Taylor, Richards & Burden executed and delivered to said Henry Crawford an agreement in writing, binding themselves to reconvey said premises to said Crawford, upon the payment of said note. In November, 1871, Henry Crawford made deeds of conveyance of said land to the defendant John H. Crawford. In April, 1864, said John W. Taylor conveyed the premises to George Burden, one of said firm of Taylor, Richards & Burden.

March 13, 1866, Burden made a quit-claim deed to Richard Babbage. July 24, 1876, Babbage made a quit-claim deed to B. B. Richards and George Burden, members of the firm of Taylor, Richards & Burden.

In 1872, the defendant John H. Crawford commenced an action against Richards & Burden *et al.*, in the court below, in which he averred that he was the owner of said land, and that the conveyance from Henry Crawford to said Taylor, and the said bond for a deed, were one transaction, and made only as a mortgage to secure the payment of said note. He prayed that an account might be taken of the amount due on the note, and offered to pay said amount, and asked that all the deeds be cancelled, and for a decree establishing his title to the land. To this petition Richards & Burden, among other defenses, pleaded the statute of limitations. Upon a trial to the court a decree was rendered for said John H. Crawford, and he deposited with the clerk of said court the amount which by the decree was found necessary to redeem the land.

Richards & Burden appealed said cause to this court, where it was held that said John H. Crawford's right to maintain the action to redeem was barred by the statute of limitations, and the decree of the District Court was reversed. See 42 Iowa, 260. No formal decree was entered in this court, and no further action has been taken in that case in the District Court. After the reversal of the decree said Crawford withdrew the money which he had deposited with the clerk in redemption of the land.

On the 24th day of July, 1877, Richards & Burden commenced this action against said John H. Crawford and Henry Crawford, for the possession of the land, averring that they were the owners thereof in fee simple.

The defendant John H. Crawford answered, averring that said deed from Henry Crawford to said Taylor, in connection with the bond for a deed, constituted a mortgage only, and alleging substantially the same facts in regard thereto that he did in his petition in the other action. The said answer further sets forth that plaintiffs refused to receive said redemption money, and avers a readiness and willingness to

pay the same, together with all taxes paid by plaintiffs on said land.

The plaintiffs replied to this answer by setting up the record in the former action as an adjudication of the rights of plaintiff in the land.

There are other questions presented by the abstract, as to the rents and profits of the lands, and improvements thereon, which, in the view we take of the case, need not be particularly referred to. There was a trial by the court, and a judgment that plaintiffs are the legal owners by title in fee simple absolute of said premises, and that they have and recover immediate possession thereof. Defendant appeals.

*H. T. Reed*, for appellant.

*E. E. Cooley*, for appellee.

ROTHROCK, J.—The action of *J. H. Crawford v. Richards & Burden*, 42 Iowa, 260, was between the same parties and in the same rights as the action at bar. Whatever rights of the parties were adjudicated in that action were settled forever, and cannot now be disturbed. It was there determined that, although the conveyance from Henry Crawford to Taylor was intended as a mortgage, yet by reason of the statute of limitations Crawford could not redeem. The legal effect of the adjudication was that, by reason of the bar of the statute, Crawford was precluded from showing that the deed of warranty was intended as a mortgage. In what better position he can be by pleading the same facts as an equitable defense to the plaintiff's action for the possession of the land we are unable to determine. It must be remembered that this is not a statutory mortgage. It is in form a deed in fee simple absolute. An action for the possession of the land could have been maintained upon it, subject to the defense which equity allows to be interposed, that it, with the bond, was intended merely as a mortgage.

1. MORTGAGE: deed absolute.

This defense is in its nature affirmative, and if an action to redeem could not be maintained by reason of the statute of limitations, neither can the defense.

The doctrine of the cases relied upon by counsel for defendants is that the rights of the parties are the same, whether the mortgage be such in form, or in the form of a conveyance of the legal title. This may be admitted, with this distinction, however: By a statutory mortgage the legal title remains in the mortgagor. By a conveyance of the legal title to secure the payment of money the grantor reserves the right in equity to redeem the property, and against an action at law for the possession of the land he may interpose his equitable defense. *Burdick v. Wentworth*, 42 Iowa, 440. That the legal title was vested in Taylor by the conveyance from Henry Crawford, must be regarded as settled in this State. *Farley, Norris & Co. v. Goocher*, 11 Iowa, 570; *Burdick v. Wentworth, supra.* The legal title must prevail unless the equitable defense is interposed. It having been adjudged in the former action that Crawford's right to redeem is barred by the statute, that judgment is an end of the controversy.

AFFIRMED.