## ARNOLD v. HAWLEY.

1. **Action to Cancel Void Judgment:** IN WHAT COURT BROUGHT: JURISDICTION. Where a judgment is absolutely void, because no notice of the action was served on the defendant, an original action in chancery to cancel the judgment may be maintained in any court having jurisdiction of such matters, and the power to grant relief is not limited to the court in which the judgment was rendered.

2. ——: NECESSITY OF NEGATIVING INDEBTEDNESS. If a judgment which is void for want of jurisdiction of the judgment defendant is to be regarded as *prima facie* evidence of indebtedness, (which is doubted,) and if, consequently, it is necessary to deny the existence of any indebtedness upon the cause of action on which the judgment was rendered, in order to state a good cause of action in equity for the cancellation of the judgment, then the petition in this case (see opinion) sufficiently denied such indebtedness, and the demurrer thereto, which admitted the allegations thereof, was properly overruled.

*Appeal from Webster District Court.*

FRIDAY, OCTOBER 23.

ONE Schofield obtained a judgment, in a law action against the plaintiff, which is the property of the defendant. This is an action in equity to set aside and cancel such judgment. A demurrer to the petition was overruled, and the defendant appeals.

*Theo. Hawley, pro se.*

*J. F. Duncombe,* for appellee.

SEEVERS, J.—I. It is alleged in the petition that no notice of the pendency of the action in which the judgment was rendered was ever served on the plaintiff, and **1. ACTION to cancel void judgment: in what court brought: jurisdiction.** that the court had no jurisdiction or power to render it, but that the same constitutes an apparent lien on the plaintiff's property, and therefore he asked to have it set aside.

There was a demurrer to the petition on two grounds; the first being that the court had no jurisdiction or power to grant the relief asked. This is based on the thought that, as the judgment was rendered in the circuit court, the plaintiff's remedy is confined to that court. Both the district and circuit courts are courts of general jurisdiction, and, if the judgment in question was voidable only, we may concede that the plaintiff, in order to have it set aside, should have proceeded in the court in which it was rendered. But the demurrer admits the allegations of the petition which are well pleaded to be true. This being so, the judgment in question is absolutely void, and yet is an apparent lien on the plaintiff's property. The plaintiff, therefore, we think, may proceed in any court having equitable jurisdiction, and have such judgment set aside.

The judgment was rendered in June, 1881, and the plaintiff obtained knowledge thereof in December, 1883. The time within which the plaintiff might proceed under chapter 1 of title 19 of the Code in the circuit court, in the manner therein provided, had expired when the plaintiff first obtained knowledge of such judgment. Code, §§ 3156, 3157. It is said that an action is regarded as still pending, although judgment has been recovered therein, as long as such judgment remains unsatisfied, and that therefore the relief asked should have been applied for in the court in which the judgment was rendered. *Wegman v. Childs*, 41 N. Y., 159; *Mann v. Blount*, 65 N. C., 99. This rule, which for the purposes of this case may be conceded, applies where there is a valid judgment, and an order is asked in aid of the enforcement of the judgment, or for the purpose of granting relief against it to which the defendant may be entitled. But it has no application, we think, to a case where the judgment is in fact void, but yet is an apparent lien. *Gilman v. Donovan*, 59 Iowa, 76, has no application to the case at bar. A new trial was sought in that case by petition in the court where the judgment was obtained, and it was held that

a change of the place of trial in such case could not be had. This proceeding cannot be classed as a bill of review, as counsel claim, but it is an original action to set aside or cancel a judgment at law. A bill of review under the old practice could only be filed to correct errors in a decree in equity, and, of course, it should be brought in the court in which the decree was entered. The first ground of demurrer was therefore properly overruled.

II. The second ground of demurrer is that the facts stated in the petition do not entitle the plaintiff to the relief demanded, and the point made is that it is not stated in the petition that the plaintiff is not indebted on the cause of action stated in the petition on which the judgment was rendered, or that he has any defense thereto. In support of this proposition several authorities are cited, among which are *Dryden v. Wyllis*, 51 Iowa, 534; *Gilman v. Donovan*, 53 Id., 362. In these cases the judgment was voidable only, and this is true as to *Coon v. Jones*, 10 Iowa, 131, in which case the service of notice was insufficient; that is, defective merely. To the same effect is *Taggart v. Wood*, 20 Iowa, 236. In *Parsons v. Nutting*, 45 Iowa, 404, there was an appearance by an attorney who possibly had no authority to appear, but the existence of the indebtedness was admitted, and the judgment was said to be oppressive only for the reason that an amount of costs had been made and taxed to the plaintiff which were wholly unnecessary, and it was held that he should have tendered or offered to pay the amount admitted to be due.

But, as we have said, the judgment in this case is absolutely void, and our attention has not been called to any adjudged case which holds that before a party can obtain relief in a court of equity against such a judgment he must deny and show that he is not indebted to the party obtaining the judgment. The effect of such a rule would be that a void judgment is *prima facie* evidence of indebtedness. We incline

to think that such cannot be the rule; but concede that it is; then we may remark that it is substantially stated in the petition that no valid indebtedness existed against the plaintiff at the time the judgment was rendered, for the reason that no cause of action against him was stated in the petition. Such petition is made a part of the petition is this case, and it is averred that the petition in such former action did not allege any facts against the present plaintiff which authorized the rendition of any judgment against him. · Upon looking into said petition we find the foregoing statement to be true, and it must be regarded as admitted by the demurrer. This we think should be regarded as a substantial denial that any valid indebtedness existed.

AFFIRMED.