Dady v. Brown.

## DADY v. BROWN *et al.*

**Equity**: JURISDICTION : SETTING ASIDE JUDGMENT. In an action against plaintiff and another by defendant before a justice of the peace, there was a verdict against plaintiff's co-defendant alone, but the justice entered up judgment against plaintiff also, and a transcript thereof was filed in the district court, and defendant was about to enforce it by the sale of plaintiff's land. *Held* that, since it was wholly without jurisdiction, it was proper for a court of equity to set it aside and to enjoin its collection, regardless of the motives of the justice in entering it.

*Appeal from Ringgold District Court.*—HON. R. C. HENRY, Judge.

FILED, JANUARY 18, 1889.

ACTION in chancery to set aside and cancel a judgment on the ground that it was fraudulently entered, and to enjoin and restrain the enforcement of an execution issued thereon. After a trial on the merits, a decree was entered granting the relief prayed for in the petition. Defendants appeal.

*Laughlin & Campbell*, for appellants.

*Askren & Spence*, for appellee.

BECK, J.—I. The petition alleges that the defendant Brown brought an. action. against plaintiff and and another, before a justice of the peace, in which a trial was had to a jury, and a verdict rendered against plaintiff's co-defendant in the action, and no verdict was rendered against plaintiff, but that the justice of the peace fraudulently and corruptly, with intent to cheat and defraud plaintiff, entered the judgment against him, as well as against his co-defendant. It is alleged that a transcript of the judgment was filed in the office of the clerk of the district court, upon which an execution was issued, which defendants are attempting to enforce against the land of plaintiff by sale thereof.

II. The evidence, by a strong preponderance, sustains the allegations of plaintiff's petition. We find, and upon the evidence no doubt arises, that the verdict was against plaintiff's co-defendant alone. The judgment was entered against both defendants. It is not necessary to inquire as to the intentions of the justice in so entering the judgment. It is sufficient to know that it was entered without jurisdiction, and is to be regarded in law as a fraud upon plaintiff's rights. It cannot be doubted that the judgment may be set aside and declared void in this action,—a direct attack upon it. This conclusion does not demand the citation of authorities in its support. It is not the case of an irregularity or error in rendering the judgment, but of an act done without jurisdiction, and in fraud of plaintiff's rights. As the evidence clearly supports plaintiff's petition, the district court rightly exercised the authority with which it is clothed, by setting aside the judgment which defendants are seeking to enforce.

AFFIRMED.