THE STATE INSURANCE COMPANY V. WATERHOUSE *et al.*

1.   Original Notice: SERVICE ON AGENT OF INSURANCE COMPANY: WHEN NOT GOOD. The application for the alleged insurance in question was taken and forwarded to the plaintiff company by one who was not its agent, but a mere volunteer. An original notice of an action to recover on the alleged contract was served on one B., who was plaintiff's recording agent in the county ; that is, he had nothing to do with the business of the company except to write policies, and give attention to such policies as he had issued, and to look after the interests of the company in connection with the property insured by him. *Held* that the notice and service were void as to plaintiff,—not being authorized by section 2612 of the Code, because B. was not an agent employed in the general management of the business of the company; nor by section 2613, because the action did not grow out of, nor was it connected with, the office or agency of B. Consequently, a judgment rendered by default on such notice was void.

2.   ———: SERVICE: ADJUDICATION OF SUFFICIENCY OF: NO JURISDICTION. Where an original notice has been served on an agent of the defendant in the action, and there is no warrant in the statute for service on such agent, no jurisdiction of the defendant is thereby acquired, and an adjudication that the service is sufficient to bind defendant is void.

3.   Judgment: VOID FOR WANT OF JURISDICTION : ACTION TO CANCEL : WHAT COURT. Where a judgment is absolutely void because no notice was served on the defendant, an original action in equity to cancel the judgment and enjoin its collection may be maintained in any court having equitable jurisdiction (including the superior court of a city), regardless of the court from which execution has issued. (See *Arnold v. Hawley*, 67 Iowa, 313.)

4.  ———— : ———— : WAIVER. Where a judgment by default had been rendered without jurisdiction of the defendant, a demurrer filed in the belief that no default had been taken did not operate as a waiver of the question of jurisdiction ; neither did a motion to set aside the default, which motion was soon abandoned, have that effect.

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

FILED, OCTOBER 28, 1889.

THIS is an action in equity by which the plaintiff seeks to vacate and annul a judgment rendered against it in the court below at the suit of the defendant Thomas Waterhouse.    Before this action was commenced an execution had been issued upon the judgment, and an injunction was issued restraining the sheriff from proceeding to collect the same.   An answer and a motion to dissolve the injunction were filed, and upon a hearing on the motion the court dissolved the injunction. Plaintiff appeals.

*Cummins & Wright* and *Craig, McCrary & Craig,* for appellant.

*John P. Hornish* and *James H. Anderson,* for appellees.

ROTHROCK, J.—I.   The plaintiff is a fire insurance company, organized as a corporation under the laws of this state.   On the sixth day of April, 1885, the defendant Waterhouse was the owner of a one-story frame building in which he kept a general store.   On that day one Farel took an application from Waterhouse for a policy of insurance in the plaintiff company on the said building and stock of goods.   The application was forwarded by Farel to the insurance company, and was received at the office of the company at the city of Des Moines on the tenth day of April, 1885.   The application provided that no liability of the company should attach until the insurance should be approved by the secretary of the company.   On the thirteenth day of

April, 1885, the risk was declined by the company, and the application was returned to Farel, who afterwards returned it to Waterhouse, together with the promissory note which Waterhouse had given for the premium for the insurance. The rate of insurance was fixed by the application at one and one-fourth per cent., and the risk was refused because the usual and customary rate for risks of that character was two per cent. The store and stock of goods were consumed by fire on the fourteenth day of April, 1885, as appears from the judgment which the plaintiff seeks to vacate. There is some doubt about the correctness of this date, but it is immaterial, as it appears, without conflict in the evidence, that the officer of the plaintiff whose business it was to pass upon and accept or reject the risk had no knowledge that the property was destroyed when the risk was rejected. On the fourteenth day of March, 1887, nearly two years after the loss by fire, Waterhouse commenced an action in the court below to recover the amount named in the application, and on the seventh day of April, 1887, a default was entered against the insurance company, and on the next day a judgment by default was rendered against the company for twenty-two hundred and ten dollars. On the fifteenth day of the same month this action was commenced to vacate the judgment upon the ground that it is absolutely void, because there was no service of an original notice of the action upon the insurance company.

The facts with regard to the original notice are as follows: The man Farel who took the application for the insurance was not an agent of the company for any purpose. He was a mere volunteer. No attempt was made to serve an original notice upon him. Service was had upon one H. B. Blood, in the city of Keokuk. At that time Blood was what is known as a recording agent of the company at Keokuk. He had nothing to do with the business of the company except to write policies and give attention to such policies as he had issued, and to look after the interests of the company in connection with the property insured by

him. The original notice and the return thereon are in proper form, and the only question in connection therewith is, was the service upon Blood binding on the company? It is provided by section 2613 of the Code that "when a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

There is no claim that the application for insurance in controversy in this case had any connection with the business of the office or agency of Blood at Keokuk. It is claimed, however, that Blood was an agent employed in the general management of the business of the company, and that, under section 2612 of the Code, the service was good. In the case of *State Ins. Co. v. Granger*, 62 Iowa, 272, it was held that the service of an original notice upon one Bishop, who was a recording agent of the insurance company at Colo, in Story county, was not sufficient to confer jurisdiction upon the court. It is true that it is stated in the opinion in that case that it was not claimed that Bishop was an agent employed in the general management of the business of the company, upon whom notice was authorized to be served under section 2612 of the Code. The question was in the case, however, and, if this court had been of opinion that Bishop was such agent, the cause would have been affirmed and not reversed. The question was necessarily determined, and it appears to us now that it is so plain that a mere local insurance agent is not employed in the general management of the business of the company that it is not at all strange that the opinion in the cited case assumes such to be the fact. We are cited to the case of *Viele v. Insurance Co.*, 26 Iowa, 9, and other cases, as authority for holding that Blood was engaged in the general management of plaintiff's business. There is not one of the cited cases in which the question now under consideration is involved. They in no

manner involve a construction of section 2612 of the Code. They are cases where the powers of agents are discussed in connection with insurance contracts made by them, and the like. We have no hesitancy in holding that the court below acquired no jurisdiction of the insurance company by service of the original notice on Blood. To hold otherwise would, in our opinion, be a manifest perversion of the plain provisions of the statute.

II. Counsel claim that, because the superior court determined that the service upon Blood was binding upon the company, the question cannot be again considered in this action. It is to be remembered, however, that this is not a case of a defective notice nor defective service. As we have said, they are not defective in form; but there was no service upon the defendant in the action. The court did not, therefore, acquire jurisdiction of the person of the defendant, and its adjudication was void.

2. ——: service: adjudication of sufficiency of: no jurisdiction.

It appears from the record that a transcript of the judgment was filed in the office of the clerk of the district court, and that the execution sought to be enjoined issued from that court. It is claimed that the action, if maintainable at all, should have been brought in that court. It was held in *Arnold v. Hawley*, 67 Iowa, 313, that where a judgment is absolutely void because no notice was served on the defendant, an original action in equity to cancel the judgment may be maintained in any court having jurisdiction of such matters. It is not disputed that the superior court has jurisdiction in chancery, and, following the case above cited, it must be regarded as settled that the action may be maintained.

3. Judgment: void for want of jurisdiction: action to cancel: what court.

III. We do not propose to follow counsel into a discussion as to whether this judgment by default should not have been taken because of certain correspondence between counsel in the case at or about the time the default was entered. Counsel for the insurance company filed a demurrer after the

4. ——: ——: waiver.

judgment was rendered, and afterwards filed a motion to set aside the default. We do not regard the demurrer and motion as in any respect waiving the question of jurisdiction. The demurrer was filed in the belief that no default had been taken, and the motion to set aside the default appears to have been abandoned. The petition in this case was filed within four days after the motion to set aside the default. The order dissolving the injunction will be REVERSED.