Iowa Union Telephone Company, Appellant, v. A. O.
Boylan *et al.*, Appellees.*

Justice of the Peace: ADJOURNMENT: RECORD: JURISDICTION. Where
the record of a justice showed that a cause was adjourned for more
than three days by consent of parties, but such adjournment was in
fact without the consent of the defendant, and upon the date to which
the cause had been adjourned, the defendant failing to appear, a
judgment was rendered against him by default, *held*, that the judg-
ment was absolutely void.

*Appeal from Chickasaw District Court.*—Hon. L. O.
Hatch, Judge.

Tuesday, October 4, 1892.

Action in equity to set aside and cancel a judg-
ment rendered by a justice of the peace for want of
jurisdiction, and to enjoin the enforcement of an exe-
cution issued thereon. There was a trial to the court,
and the plaintiff's bill was dismissed. The plaintiff
appeals.—*Reversed.*

*Cook & Dodge* and *Ellis & Ellis*, for appellant.

*H. Shaver*, for appellees.

Kinne, J.—The original opinion in this case will
be found in 48 Northwestern Reporter, 730. As the
amount in controversy is less than one hundred dollars,
it comes here upon the following certificate: "Where
an action is brought against a defendant, and personal
service of the original notice therein is made, and is
returnable on the tenth day of August, A. D. 1889,
and on the ninth day of August, 1889, the justice
enters in the docket entries in said cause: 'August 9,

*The original opinion in this case having been withdrawn by the court, it is
not published in these reports.--*Reporter*.

1889. By consent of the plaintiff and agent of the company, C. Phelps, cause is continued to Wednesday, August 14, at 1 o'clock P. M., at my office,'—when as a matter of fact said C. Phelps had no authority whatever to act for the defendant, or to make any agreement in reference to or in connection with said case, and when the defendant sends an agent, who is not an attorney at law, to the office of said justice on the return day, at the time returnable, with authority to then appear and defend said cause, and he is unable to find the justice in the township at any time during said day, and makes repeated efforts to get access to the office of said justice at the time said cause is returnable, * * * and before leaving town on said day said agent is notified, verbally only, by the plaintiff in said action, that said cause was continued until Wednesday, the fourteenth day of August, at one o'clock P. M., at the office of said justice, and would then be heard, the defendant not being notified by said agent or any other person of such continuance, and did not appear before said justice on the fourteenth day of August,—has the justice in such case jurisdiction to enter a judgment by default against such defendant, and is or is not such judgment so entered void?" The original notice was served upon C. Phelps, who was the person in charge of the defendant's office at New Hampton, Iowa.

It is apparent that the adjournment in this case was attempted to be made under the power granted by section 3527 of the Code of 1873, which provides: "If from any cause the justice is unable to attend to the trial at the time fixed, or if a jury be demanded, he may adjourn the cause for a period of not exceeding three days, nor shall he make more than two such adjournments." Now, on his own motion, the justice could not adjourn for a period exceeding "three days." Had the record in this case showed that the justice on

his own motion adjourned the case for a period exceeding "three days," there is no question that he would thereby have lost jurisdiction of the parties to the action. The question then arises, if the justice adjourns for more than three days, and his record shows said adjournment was made with the consent of the parties, when in fact there was no consent on part of the defendant, does such finding of consent by the justice authorize the judgment, and is it conclusive upon the defendant until reversed? We think not. The moment the justice undertook, as in this case, to adjourn for a period of over "three days" from the return day, his right and power to do so must be found in the consent or agreement of the parties. If that was lacking, he was without authority to make the order, and it was null. The jurisdiction over the parties is lost in such a case if in fact there was no consent for or agreement to the adjournment. Surely it will not do to hold that the justice can, by making an entry of consent where none was given, retain jurisdiction of the parties when the consent itself in such a case is the jurisdictional fact, and without which he is powerless to act. In other words, jurisdiction over the parties, in case an adjournment for more than three days is had, is retained only by their consent to such an adjournment. If that is lacking, the adjournment ousts the court of jurisdiction, and its subsequent rendition of judgment cannot be based upon the jurisdiction originally acquired by service of the original notice; and hence such judgment is void. It is not a case of defective notice or service, but of no notice. It is not a case of a mere irregularity, but a clear case of an illegal assumption of jurisdiction. Such a case stands in law as if the justice had originally assumed jurisdiction over the defendant without having legally acquired it in any way, and had proceeded to render a judgment against him. The verbal notice given by the plaintiff to the

agent of the company of the adjournment after it had taken place would not have the effect to restore the jurisdiction thus lost.   It could only be acquired again in the manner provided by law.   Code, 1873, sec. 3517. In *Crandall v. Bacon*, 20 Wis. 671, where a justice adjourned a cause one week, without specifying the hour of the day or the place to which it was adjourned, it was held that he lost jurisdiction of the cause, and the judgment he rendered was void.   In *Brown v. Kellogg*, 17 Wis. 490, both parties appeared before the justice on the return day, and, after issue joined, the defendant asked and secured a continuance to procure testimony.   The cause was continued until February 19, 1863, and the hour of one P. M. was then fixed, but the justice omitted to enter the hour in his docket, nor did he enter any place of adjournment.   It was held that the justice lost jurisdiction of the cause, and that a subsequent entry of the omitted facts would not restore jurisdiction.   See, also, *Wiest v. Critsinger*, 4 Johns. 117.   And it has been held that where an action before a mayor's court was by agreement of the parties continued until after a certain term of the district court, without fixing a day certain, a judgment subsequently rendered after the adjournment of said district court, in the absence of and without notice to the defendant, was void; and in this case the court says: "If it should be conceded that a continuance so indefinite did not work a discontinuance of the cause and entirely oust the jurisdiction of the court," etc.   As bearing upon this question, see *Mahr v. Young*, 13 Wis. 635; *Gamage v. Law*, 2 Johns. 192; *Proudfit v. Henman*, 8 Johns. 305.

The testimony in this case shows without conflict that C. Phelps, the party whom the justice's record shows consented to the adjournment, never had any authority so to do.   The doctrine is well settled in this court that "a judgment rendered without service of

notice or other process required by law is void for want
of jurisdiction in the court rendering it," and "will be
set aside, and process thereon enjoined by chancery."
*Gerrish v. Hunt*, 66 Iowa, 683; *Givens v. Campbell*, 20
Iowa, 80. "The judgment being void, and an attempt
being made to enforce it, a court of chancery has
authority to enjoin such unconscionable proceedings."
*Connell v. Stelson*, 33 Iowa, 149. The rule in such cases
in this state is thus laid down in *Arnold v. Hawley*, 67
Iowa, 315: "But, as we have said, the judgment in
this case is absolutely void; and our attention has not
been called to any adjudged case which holds that,
before a party can obtain relief in a court of equity
against such a judgment, he must deny and show that
he is not indebted to the party obtaining the judgment.
The effect of such a rule would be that a void judg-
ment is *prima facie* evidence of indebtedness. We
incline to think that such cannot be the rule." See *Dady
v. Brown*, 76 Iowa, 528; *State Insurance Co. v. Water-
house*, 78 Iowa, 674. Under the facts in this case the
judgment was absolutely void, and hence the plaintiff
herein might resort to a court of chancery for relief.

For the reasons above stated the judgment of the
district court is REVERSED.