R. F. HENKLE, Appellant, v. S. F. HOLMES, *et al.*

**Judgment: JURISDICTION.** A justice judgment, in an action in Iowa, in which the original notice was served in Missouri, and by publica-
1 tion in Iowa, is void, on account of lack of jurisdiction, where the action was unaided by attachment; and it may be set aside in
3 a suit in equity, for that purpose, by one on whose land the judgment is an ostensible lien, without proof that it does not represent a valid debt due the judgment creditor.

**Appeal: UPON AGREED CASE.** A judgment, rendered upon a sub-mission to the court "of the whole cause," on a written agree-
2 ment therefor signed by the attorneys for the parties, is an adjudication as to all the parties, and on appeal *therefrom*, the questions raised by an overruled demurrer, filed by one of the defendants, which raises the same legal question presented by said agreement, and on which he elected to stand, are review-able, though no independent appeal was taken from the ruling on demurer.

*Appeal from Van Buren District Court.*—HON. T. M. FEE, Judge.

SATURDAY, APRIL 11, 1896.

THE defendants, other than Holmes, are the Farmers' & Traders' Bank, of Bonaparte, and F. T. Cramer. The facts, for the purposes of this appeal, may be somewhat abbreviated. The plaintiff sold to the defendant Holmes, eighty acres of land, for the agreed price of three thousand dollars. Of the agreed price, all except two hundred and thirty-eight dollars and fifty-four cents was to be applied to discharge liens on the land; and it has been so applied. This action is to recover the two hundred and thirty-eight dollars and fifty-four cents, which Holmes declines to pay to plaintiff, for reasons as follows: Plaintiff

purchased the land of one Secord, and, while Secord owned the land, a judgment was entered in justice court in Van Buren county, against Secord, in favor of defendant Cramer, for seventy-eight dollars, amounting at this time to one hundred and two dollars and eighty-nine cents, a transcript of which judgment was filed in the district court of Van Buren county; so that, on its face, it was a lien on the land at the time of the sale to Holmes. This judgment was not included in the liens agreed to be paid from the purchase money. Holmes deposited the two hundred and thirty-eight dollars and fifty-four cents in the defendant bank, to protect himself against said judgment, and to be applied to its cancellation, or to be paid to plaintiff whenever it should be canceled. Plaintiff makes the bank and Cramer parties, and states in his petition the facts as to obtaining the Cramer judgment against Secord in justice court showing that the original notice was served in the state of Missouri, and by a publication in Van Buren county that was unauthorized, the action not being aided by attachment. The petition alleges the judgment to be void, asks that it be so adjudged, and that he have a judgment against Holmes and the bank for the balance of the purchase money. Holmes and the bank answered, reciting the facts, including the Cramer Judgment. Cramer appeared, and filed a demurrer to plaintiffs's petition, which the court sustained, and plaintiff excepted, and refused to plead further. Thereupon Holmes and the bank filed a supplement to their answer, in which they pleaded the adjudication on the demurrer filed by Cramer, in which the judgment is held to be valid. The parties then filed an agreed statement of facts, on which the cause was submitted; and the court entered a decree holding the Cramer judgment a lien on the land; and gave judgment for the application of the money

deposited in the bank to its payment, and the plaintiff appealed.—*Reversed.*

*Mitchell & Sloan* for appellant.

*Wherry & Walker* for appellees.

GRANGER, J.—I.   A question argued on the appeal by appellant, is as to the correctness of the ruling on the demurrer, and appellees insist that there has been no appeal from that ruling, and reliance is placed on the language of the notice of appeal, in which it is said that "R. F. Henkle had appealed from the judgment and decree entered in the above-entitled cause." The only judgment entry in the case is that following the final submission of the cause after the agreement as to the facts. In that "chancery decree," as it is called, the court recites its action on the demurrer, at a previous date, that plaintiff elected to stand on his petition, and excepted to the ruling, and the court then says: "The whole cause was submitted to the court on a written agreement of facts, signed by the attorneys of the parties;" and it is in this decree that the court adjudged the judgment a lien on the land, and fixed the amount due thereon. There is no other judgment in the case. Looking to the stipulation of facts, it does not purport to be by particular parties, but by "the parties." This, in connection with the unusual expression in the decree, after reciting the proceedings in the demurrer, that the "whole cause" was submitted on the agreed facts, and with no other judgment, leads us to think the judgment appealed from includes the adjudication as to all the parties. The agreed statement of facts presents the same legal proposition as the demurrer.

II.   The judgment entered by the justice was void. There was no jurisdiction. This is not to be questioned.

This is a proceeding in equity to set it aside. That a proceeding in equity will lie to set aside a judgment, see *Insurance Co. v. Waterhouse*, 78 Iowa, 674 (43 N. W. Rep. 611); *Arnold v. Hawley*, 67 Iowa, 313 (25 N. W. Rep. 259); and *Telegraph Co. v. Boylan*, 86 Iowa, 90 (52 N. W. Rep. 1122). Appellees' thought is that, before there can be a decree canceling the judgment, it must appear that there is no defense to the claim on which the judgment was entered. Second, the judgment debtor, on the face of the record, is not a party to this suit, and there is no presumption that the plaintiff has any knowledge on that subject. Some cases are relied upon by appellees to support their claim. In *Parsons v. Nutting*, 45 Iowa, 404, it was held that a court of equity will not interfere to restrain the collection of a judgment rendered on a claim "admitted to be due," on the ground that it was rendered without jurisdiction. In *Gerrish v. Hunt*, 66 Iowa, 682 (24 N. W. Rep. 274), also relied on by appellees, it is expressly held that such relief will be granted where it does not appear that there is a defense. We do not find any case where the rule of appellees' contention is sustained. There are some of the early cases in which the facts are enough in doubt to make the conclusion questionable as an authority on this question. Later cases, however, seem to set the proposition at rest. In *Arnold v. Hawley, supra*, it is said: "But, as we have said, the judgment in this case is absolutely void; and our attention has not been called to any adjudged case which holds that, before a party can obtain relief in a court of equity against such a judgment, he must deny and show that he is not indebted to the party obtaining the judgment. The effect of such a rule would be that a void judgment is *prima facie* evidence of indebtedness. We are inclined to think that such cannot be the rule." Whatever doubt there may be as to the language being applicable to the

question involved in this case, it is quoted with approval in *Telegraph Co. v. Boylan, supra*, and made of controlling importance. It may be regarded as the settled rule of this state. The judgment being void, it is no lien; and hence there was no breach of the covenants of warranty in the deed. This conclusion renders the consideration of the questions as to costs and attorney's fees unimportant, for there can be no judgment which they are to follow. On the face of the record, as presented, there should be a judgment for plaintiff for the unpaid portion of the purchase price of the land, as found by the district court.— REVERSED.