(88 N. W. Rep. 289.)

---

## H. W. PHELPS *vs.* JOHN McCOLLAM.

### Opinion filed Dec. 2, 1901.

**Process—Substituted Service—Justices of the Peace—Jurisdiction—Presumption—Judgment—Direct Attack—Transcript—Filing in Clerk's Office—Equitable Counterclaim.**

Upon the evidence set out in the opinion it is *held*:

1. That service of a summons on the husband cannot be made by leaving a copy with his wife at the dwelling house of a neighbor, where she is temporarily staying, the husband having left the state, with the intention of remaining permanently.

2. Courts of justices of the peace are of limited jurisdiction, and no presumptions will be indulged in favor of their jurisdiction. Such jurisdiction must affirmatively appear.

3. The filing of a transcript or abstract of judgments rendered by justices of the peace pursuant to § § 5498, 6717, Rev. Codes, does not make the judgments those of district courts, to the extent that presumptions may be indulged in in favor of the jurisdiction of the justices rendering such judgments.

4. An action brought to cancel a judgment for lack of jurisdiction in the court to render it by reason of failure to serve the summons is a direct attack upon such judgment.

5. An answer pleading facts showing no service of the summons, and praying for a cancellation of a judgment rendered in the action, is pleading an equitable counterclaim, and is a direct attack upon the judgment.

Appeal from District Court, Walsh County; *Kneeshaw,* J.

Action by H. W. Phelps against John McCollam on a judgment. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Phelps & Phelps,* for appellant.

*Spencer & Sinkler,* for respondent.

MORGAN, J. This is an action brought upon a judgment rendered in a justice's court of Walsh county on May 2, 1891. The complaint is in the usual form of such complaints, and alleges that the judgment was duly assigned to the plaintiff. The answer denies that the justice of the peace before whom it is claimed such judgment was recovered had jurisdiction to enter any judgment, for the reason that no personal or constructive service was ever procured upon the defendant, nor did the defendant ever appear in such action. The answer further alleges that the plaintiff is not the owner of the judgment sued upon. The answer asks for affirmative

relief in the form of a demand that the judgment sued on be canceled and declared null and void, for the reason that there was no service of the summons in that action. A determination by us that the judgment on which this action is founded was rendered without service of the summons on the defendant will render it unnecessary for us to decide whether the plaintiff is the owner of the judgment. We will assume that he is the owner thereof by virtue of an assignment of the judgment to him. The district court found in favor of the defendant upon both issues, and dismissed the action. The plaintiff appeals, and demands a trial anew here, under the provisions of § 5630, Rev. Codes. Upon the question of the jurisdiction of the justice of the peace, the following facts are material for a decision of the case: The defendant McCollam and his wife were living upon a farm rented to him in Walsh county during part of the year 1890, and up to about April 1, 1891. About April 1st they left this farm, with the intention of removing to the Northwest Territory to live permanently. The husband very soon thereafter went to said Northwest Territory, and filed upon a homestead there but did not ever reside on such homestead. The wife removed to the home of one Woods, at the invitation of the Woods family, and with the consent of her husband, to remain there until he secured a new home and sent for her. Some of the husband's goods were moved to the Woods place, but there is no showing that they were used there. The husband was at the Woods place a night or two, and took a few meals there, prior to the time of his leaving for the Northwest Territory. In the latter part of April it is claimed that a summons was served upon the wife at the Woods place. She says a paper was left with her. She does not know by whom, nor what the paper was, nor the precise date. There is no other evidence as to the contents of the paper. The only other evidence as to the service is that the summons was sent by mail to a deputy sheriff at Park River, for service, and that it was returned to the plaintiff's attorney in that suit as having been served on the defendant McCollam on April 25, 1891. This evidence as to mailing the sumomns to the deputy sheriff for service, and its return as having been served, was given by the plaintiff's attorney. The original files, and the docket of the justice of the peace, were not produced in court, nor was the fact that they could not be produced there shown by evidence of that diligent search which is necessary before secondary evidence of their contents could be properly received. Even had such showing been made, still there was no other evidence, except that given above in reference to the contents of the justice's docket, of the fact, manner, time, or place of service, or on whom, or by whom made. The plaintiff contends that the fact that an abstract of the judgment rendered by the justice of the peace was filed in the office of the clerk of the district court, pursuant to § § 5498, 6717, Rev. Codes, renders proof of the service of the summons unnecessary. Such abstract was offered in evi-

dence, and is a statement of the facts prescribed by, and has attached to it the certificate authorized by, said § 6717, and none others.

The first question to be determined is, what effect is to be given to the filing of such abstract in the office of the clerk of the district court, so far as the jurisdiction of the justice originally to render the judgment is concerned? The plaintifl contends that such filing of such transcript or abstract makes the judgment a judgment of the district court in all respects, and for all purposes, and gives to such judgment thereafter like presumptions of regularity and jurisdiction attaching to judgments of district courts. The language of § 5498 is that, after such docketing of such transcript in said clerk's office, "it becomes a judgment of such district court, and a. lien upon real property." Such section enlarges the effect of such judgment after such filing. The effect is enlarged, so that it becomes a lien on real estate, and it is enlarged perhaps in other respects. From the language of such section, and from authoritative decisions on similar statutes, it is not our understanding that such filing renders such judgment thereafter a judgment of the district court, to the extent of clothing it with presumptions of regularity and jurisdiction, following the judgments of courts of general jurisdiction. In our opinion the effect of such filing is the following: The district court is thereafter to have full control of the enforcement and collection of such judgment. It becomes a lien on real estate, and the justice of the peace thereafter has no control over it, nor power to enforce it. The judgment nevertheless continues to be a judgment of a justice of the peace so far as relates to the principles to be applied in determining the jurisdiction of the justice to render it. *Agar* v. *Tibbetts*, 56 Hun. 272, 9 N. Y. Supp. 591; *Kerns* v. *Graves*, 26 Cal. 156.

The answer directly alleged that the judgment of the justice of the peace was void, for the reason that no personal service was ever procured upon the defendant, as provided by § 5252, Rev. Codes. If there was any personal service on him, it must have been by virtue of service upon his wife while at the Woods place, as it is undisputed that he was in the Northwest Territory after April 15th, and up to August of the same year. Was there service on the defendant under subdivision 7 of § 5252, Rev. Codes? It reads as follows: "In all other cases to the defendant personally; and if the defendant cannot conveniently be found, by leaving a copy thereof at his dwelling house in the presence of one or more of the members of his family over the age of 14 years, or if the defendant resides in the family of another, with one of the members of the family in which he resides over the age of 14 years." The question resolves itself into a determination of the fact whether the Woods house was the dwelling house of the defendant on April 25, 1891. The evidence is uncontradicted that the wife remained there for a temporary purpose only. She went there with no idea of remaining there permanently. The husband went there only casually, and remained only tem-

orarily. The fact that he did not remain permanently in the North-west Territory, and that the wife did not follow him there, would not make any difference, and would not make the Woods house the dwelling house of the defendant. After his return from the North-west Territory, the husband never made the Woods house his dwell-ing house. He went there occasionally until he established a home, but with no intention of remaining. The word "dwelling house" carries with its meaning the idea of an abode intended to be more than of temporary character. It must be the present, and intended to be the future, home of the occupants, before service on the hus-band can be made by leaving copies with the wife. 1 Bouv. Law Dict. p. 514; *Ames* v. *Winsor,* 19 Pick. 247; *Engine Co.* v. *Hubbard,* (S. D.) 77 N. W. Rep. 588. In the latter case the court in speak-ing of the word "dwelling house" as used in the section quoted said: "And when the statute makes service upon the wife constructive service upon the husband when made at his dwelling house, it must affirmatively appear that such dwelling house, where the service is so made, is in fact the dwelling house of the husband; that is, the permanent home of the family." We therefore conclude, under the facts shown, that there was no service on the husband, within the meaning of § 5252, supra. The service was not made at his dwelling house. The husband had no dwelling house in the state at the time such service is claimed to have been made, and there was no personal nor constructive service of the summons made on him in that case. It is claimed that want of service of the summons in that case cannot be shown in this case, as this action is a col-lateral attack upon the judgment on which it is based. The answer in this case pleads facts affirmatively showing absence of jurisdic-tion over the person of the defendant, without which no valid judg-ment could be entered, and asks affirmative relief. The defendant asks judgment that the pretended judgment be canceled and an-nulled. A judgment may be set aside in an action brought for that special purpose, upon a showing that such judgment was rendered without any service upon the defendant. Such an action can be sustained when the sole ground relied on is want of jurisdiction over the person by reason of the nonservice of the summons in the original action. Such an action is deemed a direct attack upon the judgment. *Magin* v. *Lamb,* (Minn.) 44 N. W. Rep. 675, 19 Am. St. Rep. 216; *Dady* v. *Brown,* 76 Iowa, 528, 41 N. W. Rep. 209; *Insurance Co.* v. *Waterhouse,* 78 Iowa, 674, 43 N. W. Rep 611; *Telegraph Co.* v. *Boylan,* 86 Iowa, 90, 52 N. W. Rep. 1122; *Johnson* v. *Coleman,* 23 Wis. 454, 99 Am. Dec. 193. A different rule is applicable in cases of actions brought to cancel judgments in which the court had jurisdiction by reason of the service of the summons upon the defendant in the original action. In such cases the action will not lie if there be an adequate remedy at law. *Kitzman* v. *Manufacturing Co.,* 10 N. D. 26, 84 N. W. Rep. 585. See, also, *Freeman* v. *Woods,* in fra.

This action is brought upon the judgment rendered by the justice of the peace. The object of the action is to recover the amount adjudged to be due on that judgment, and to continue such judgment in force. The answer, as we have seen, seeks affirmative relief in the form of having such judgment declared a nullity. Such a defense is in the nature of a counterclaim for equitable relief, and is permissible in a pleading under subdivision 2 of § 5274, Rev. Codes. In such a case the complaint is deemed to be based upon a contract, and the equitable counterclaim pleaded that the judgment on which the action is based was void is connected with the subject of this action. Assailing a judgment by pleading such a counterclaim is a direct, and not a collateral, attack upon the judgment pleaded, and is permissible under our system of Code pleading. *Vaule* v. *Miller*, (Minn.) 72 N. W. Rep. 452. The rule allowing a judgment to be attacked in direct proceedings, when void for want of jurisdiction, by reason of no service of the summons, applies to all judgments, whether foreign or domestic, and pertains to judgments of courts of general or of limited jurisdiction. In judgments of courts of general jurisdiction, jurisdiction is presumed until the contrary is shown. In judgments of a justice of the peace no presumptions in favor of jurisdiction follow the judgment. *Heffner* v. *Gunz*, 29 Minn. 108, 12 N. W. Rep. 342; 17 Am. & Eng. Enc. Law, p. 1082, and cases cited; *Dobbins* v. *McNamara*, 113 Ind. 54, 14 N. E. Rep. 887, 3 Am. St. Rep. 626. Before an action on such a judgment can be successfully maintained, it must appear, if denied, that the action in which the judgment was entered was one which the justice had jurisdiction to entertain, as having been based on service of the summons on the defendant, or a voluntary appearance in the action. *King* v. *Randlett*, 33 Cal. 319. Section 5285, Rev. Codes, prescribed as follows: "In pleading a judgment or other determination of a court or officer of special jurisdiction it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given, or made. If such allegation is controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction." Under this section the burden of showing service of the summons upon the defendant devolved upon the plaintiff, as such service was controverted in the answer. No such showing was made by legal or competent evidence, nor by any kind of evidence. The abstract or transcript filed in the office of the clerk of the district court contained no fact showing such service. It recited that judgment was rendered by the justice on May 2, 1891, for a certain amount, with specified costs. If it were conceded that the filing of such transcript in the clerk's office made the judgment a judgment of the district court, followed by presumptions of jurisdiction, such presumptions are affirmatively overcome by the evidence in the case showing absence of legal service. But, as before stated, the filing of such transcript had no such effect.

The district court found that there was no service of the summons on the defendant. On a careful review of the evidence, we find that this finding is sustained. Neither the record nor files of the justice of the peace were shown to establish such service, and, moreover, the evidence on behalf of the defendant shows that there was no such service actually.

The judgment of the district court is affirmed. All concur.