A. LINDBERG, Appellee, v. OMA E. THOMAS AND CLARENCE
L. THOMAS, executrix and executor, respectively, of the
last will and testament of LOT THOMAS, deceased, Ap-
pellants.  S. C. BRADFORD, C. J. PARKER, Sheriff,
GERMAN SAVINGS BANK OF DAVENPORT, IOWA, AND
CHARLES N. VOSS, Appellees.

**Injunction:** RESTRAINT OF JUDGMENTS: BOND. It is only where it
1  is sought to restrain the enforcement of a judgment because
of its alleged invalidity that the injunction bond must be con-
ditioned to pay the judgment if upheld; the statute does not
apply where the only relief demanded is the restraint of a
judgment against particular property, which can be granted
without impairing the validity of the judgment.

**Judgments:** LIMITATION OF EFFECT. A decree limiting its effect to
2  property described therein, for the evident purpose of avoiding
the incumbrance of other land of the judgment defendant, will
not prevent its collection from other property.

**Judgments:** ACTION TO RESTRAIN ENFORCEMENT: FORM. A suit in
3  equity may be maintained to enjoin enforcement and cancel a
decree, on the ground that it is void as against plaintiff and
his property, and is not required to be entitled as in the orig-
inal action.

**Same:** Although a judgment may have been entered without ju-
4  risdiction relief will not be granted against it if the judgment
plaintiff has a valid claim on which it was rendered to which
there is no defense.

**Jurisdiction:** NOTICE OF SUIT. The acceptance of service of notice
5  and appearance in the action by an attorney who has no au-
thority to act in the premises does not confer jurisdiction, and
a judgment based thereon is invalid.

**Deeds:** WHEN A MORTGAGE: *bona · fide* PURCHASER: CONSTRUCTIVE
6  NOTICE. A deed given as security with a separate contract
for reconveyance upon payment of the loan amounts to a mort-
gage, although the deed operates to pass the legal title, and a
record of the deed is constructive notice of the rights of the
grantee: but a subsequent purchaser from the same grantor, in
the absence of investigation, is not thereby charged with notice
of the rights of a third party under an assignment of the un-
recorded contract of reconveyance.

*Appeal from Buena Vista District Court.*— HON. A. D. BAILIE, Judge.

THURSDAY, JANUARY 16, 1908.

S. C. BRADFORD owned section 27 in township 92, range 35, in Buena Vista county, with a mortgage of $6,000 to the Bankers' Life Association of Des Moines, Iowa, on the south half and a like mortgage on the north half.   March 18, 1901, to secure the payment of $10,000, he executed a conveyance of the entire section to Chas. N. Voss, who entered into an agreement to reconvey upon the payment of that amount with interest.   May 1st of the same year Bradford borrowed $10,000 of Lot Thomas, and, to secure the same, assigned to him the agreement with Voss, and took a like agreement from Thomas.   In the summer of 1901 Bradford contracted a sale of the south half of the section to one Shult, with condition that same be conveyed to him upon payment of the consideration.   Shult assigned this contract to Lindberg, who paid Bradford $5,590, and executed to him six promissory notes, five of $500 each and one of $3,100, and received from Bradford a warranty deed to the land.   Neither the contract nor the assignment thereof to Thomas nor the agreement of the latter was filed for record.   Subsequently Lindberg paid $700 to Bradford, who surrendered one of the above notes and indorsed $200 on another, which was transferred to the Des Moines Savings Bank.   The other notes have been retained by Bradford.   In the fall of 1904 Thomas began suit to foreclose his claim against this land, and on January 4, 1905, a decree was entered finding the amount due Voss to be $11,211.30, and that Bradford then owed Thomas $8,697.93, for which judgment was rendered against Bradford and the land ordered sold to satisfy the same, and that Voss convey the title by special warranty deed to the purchaser upon the payment of the amount owing him, and that such judgment be not a lien on or enforced

against any other land Bradford owned or might acquire. Thomas died testate in the spring of 1905, and on July 17th thereafter his executors caused execution to issue and be placed in the hands of the sheriff, C. J. Parker, who was about to sell the land to satisfy an unpaid balance of $4,350.22 of said judgment, when this action was begun, praying that the sale be enjoined, that the decree be set aside as null and void, and that Bradford be perpetually enjoined from disposing of the notes given him by plaintiff. Upon hearing, the district court held the decree to have been entered against Lindberg and wife without jurisdiction and the proof of defensive matter to be such as to entitle them to a new trial. The executors and plaintiff appeal; that of the former being first perfected.— *Affirmed* on executors' appeal and *reversed* on plaintiff's appeal.

*Mack & Deland,* for appellants.

*A. L. Whitney* and *Milchrist & Scott,* for plaintiffs, appellees.

*F. H. Helsell,* for appellees, German Savings Bank and Charles N. Voss.

*F. F. Faville,* for appellee, S. C. Bradford.

LADD, C. J.— The sheriff was enjoined by the temporary writ of injunction from selling the land in controversy under the special execution, and Bradford was restrained

1. INJUNCTION: restraint of judgment: bond.

from disposing of the promissory notes executed to him by the plaintiff in part payment thereof. Prior to the issuance of the writ plaintiff filed a bond "conditioned for the payment of all damages which may be adjudged against petitioner by reason of injunction," as required by section 4363 of the Code. The executors moved for dissolution of the writ on the ground that the additional requirements of section 4365

had not been observed, and that, in event the motion should
be overruled, a new bond with penalty and condition as ex-
acted by the last-mentioned section be ordered.  The court
sustained the motion in so far as to require another bond
conditioned that plaintiff " comply with the final order and
judgment of the court entered in the proceedings sought to
be enjoined in so far as he is concerned."  The additional
bond was filed within the time fixed, but the appellants argue
that the penalty should have been double the amount of the
judgment and conditioned for its payment.  This might be
so were the judgment against Bradford, contained in the
decree of January 4, 1905, on which the execution issued
assailed; but all the relief sought may be granted without
impairing its validity.  Its enforcement otherwise than
against this land was not enjoined.  Section 4365 of the
Code does not contemplate the execution of a bond like that
suggested in such a case.  The section provides that " in an
action to enjoin the proceedings in a civil action, or on a
judgment or final order, the bond must be further conditioned
to pay such judgment, or comply with such final order if the
injunction is not made perpetual, or to pay any judgment
that may be ultimately recovered against the party obtaining
the injunction on the cause of action enjoined."  It is only
when the collection of the judgment because invalid is en-
joined that the bond should be conditioned for its payment
if upheld.  But appellants say that, by the terms of the
decree, its enforcement is limited to this property.  If so,
this was by the voluntary act of the judgment plaintiff, and
cannot be permitted to prejudicially affect the procedure by
one interested in the premises, and not a party to the ar-
rangement.  In other words, the parties to a judgment or
decree cannot, by arranging that it shall be enforced against
no property other than a particular tract, compel a person
interested therein, in order to restrain the sale of the latter
thereunder, to execute a bond conditioned for the payment
of the judgment, when but for said arrangement he might

have temporary relief by the execution of a bond conditioned for the payment of damages only.

Were it otherwise, however, the property against which this judgment might be enforced is not limited to this land. The decree provides that " the judgment shall be and hereby is limited in its effect and operation to the premises herein before described, and shall not operate to affect in any manner any other real estate that said S. C. Bradford may now or hereafter own or in which he may have an interest." This did not interfere with its enforcement against personal property, and it is by no means certain that it would prevent an independent levy of execution on other land. The evident design was to avoid incumbering other lands of the judgment defendant with the lien of the judgment, and not to prevent its collection from other property. The ruling was correct.

**2. JUDGMENTS:** limitation of effect.

II. A general demurrer to the petition was overruled. This is said to have been erroneous, in that the petition, though filed within one year after the entry of the original decree, was not filed in the same cause or entitled as in the original action. Sections 4091, 4094, Code. Counsel rely on *Johnson, Lane & Co. v. Nash-Wright Co.,* 121 Iowa, 173, but in that case the court had no jurisdiction,. and the judgment was assailed on the ground of fraud in its procurement. The sections cited have no concern with judgments or decrees void for want of jurisdiction. *Leonard v. Capital Ins. Co.,* 101 Iowa, 482. Such entries may be assailed at any time and by any one interested. *Rea v. Rea,* 123 Iowa, 241. This is not an application for new trial under the statutes cited but a suit in equity to enjoin the enforcement and cancel a decree on the ground that it is void as against plaintiff and his land. That such an action may be maintained in equity is too well settled for discussion. *Henkle v. Holmes,* 97 Iowa, 695; *Iowa Union Tel. Co. v. Boylan,* 86 Iowa, 90; *Gerrish v. Hunt,* 66 Iowa, 682; *Parsons v. Nutting,* 45 Iowa, 404; *Bryant v.*

**3. JUDGMENTS:** action to restrain enforcement: form.

*Williams,* 21 Iowa, 329.   These authorities are equally con-

4. SAME.   clusive in holding that, though the decree may have been entered without jurisdiction, relief will not be granted against it if the judgment plaintiff has a valid claim whereon it was rendered and to which there is no defense.

III.   Notice of the suit by Thomas was never served on Lindberg or his wife.   Their names were signed to an acknowledgment of service by an attorney who also entered an appearance for them.   They were defaulted

5. JURISDICTION: notice of suit.   on failing to answer, and decree entered accordingly.   The evidence as to whether the attorney acted with authority was in sharp conflict.   No useful purpose will be served by reviewing it.   The circumstances proven tend to corroborate plaintiff's testimony, and, in view of the trial court's superior opportunities in passing upon the credibility of the witnesses, we are not inclined to interfere with its finding that no authority was given and the decree was entered without jurisdiction over plaintiff or his wife.

IV.   In determining whether Thomas had or his executors in his stead have a valid claim to the relief against the land as awarded in the decree one of two inquiries must be

6. DEEDS: when a mortgage: *bona fide* purchaser: constructive notice.   answered:   (1) Was Lindberg in buying of Bradford charged with notice of the claim of Thomas, and (2) Did Thomas recognize the authority of Bradford to sell the land, and receive the proceeds or ratify what he did by accepting the benefits thereof and taking new security?   Only the first of these issues need be considered.   Lindberg's good faith is not questioned, nor is payment of value by him the subject of any controversy.   In receiving the deed from Bradford, he was without actual notice of the prior conveyance of the latter to Voss, though charged with constructive notice by the record of that conveyance.   This deed, though absolute in form, was executed to secure the payment of $10,000 in

money for which Bradford gave his note to Voss, and at the same time Voss executed a contract of sale to Bradford by the terms of which the former agreed to reconvey the land to him upon the payment of the amount loaned, with accrued interest. This agreement was not recorded, nor was the assignment thereof to Thomas to secure a like amount owing by Bradford to him, nor was a like contract to Thomas to reassign or convey the land to Bradford recorded.

The precise point at issue is whether the record of the deed to Voss imparted constructive notice of that transaction only, or of that and what was done with the outstanding contract of sale executed by Voss at the same time. Of course, a purchaser of Voss might have relied on the record of the deed to him without looking farther. But plaintiff claims through a deed from Bradford when the latter owned the equitable title to the land subject to both the claims of Voss and Thomas. In some of the States the conveyance of the land by deed, though absolute in form, as security, is construed to be a mortgage only, and not to pass the fee, but in this State the legal title passes, and the borrower, in order to protect himself, must exercise the right of redemption within the period of the statute of limitations. *Richards v. Crawford,* 50 Iowa, 494. As between Bradford and Voss, the deed and note of the former, with the contract of the latter, constituted a mortgage as is conceded by the parties, but differing from an ordinary mortgage in that, whereas title in the latter remains in the grantor, title passed to Voss under the deed. *Brush v. Peterson,* 54 Iowa, 243. See *Bigler v. Jack,* 114 Iowa, 667. In the absence of inquiry, Lindberg had constructive notice that the highest title was in Voss, and not Bradford, his grantor. And, this being so, he must be held to have taken with notice of any interest or claim of Voss less than an absolute ownership of land; i. e., that he held it as security for the payment of a loan. *Clemons v. Elder,* 9 Iowa, 272; *Kennard v. Mabry,* 78 Tex. 151 (14 S. W. 272); *Marston v. Williams,* 45 Minn. 116 (47 N.

W. 644, 22 Am. St. Rep. 719). But it does not follow that from the record of the deed to Voss, Lindberg was also charged with notice of the interest of some third party not appearing of record. It is against the grantee in said deed only that the purchaser of the grantor is precluded from posing as an innocent purchaser. See *Switz v. Black,* 45 Iowa, 597; *Miller v. Ware,* 31 Iowa, 524. Section 2925 of the Code provides that " no instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration, without notice, unless recorded in the office of the recorder of the county in which the same lies, as hereinafter provided." And section 2936 declares that upon an instrument being filed with the county recorder and the indorsement thereon of the time this was done, and being indexed in the index book, " from that time such entries shall furnish constructive notice to all persons of the rights of the grantees conferred by such instruments." The rights of the grantee, Voss, were those of a mortgagee as defined by the instruments executed at the time of the conveyance, and Lindberg under this section must be held to have had knowledge of the rights conferred thereby, and, in taking the conveyance from Bradford he was acquiring the land subject thereto.

It does not follow, however, that he was also charged thereby with notice of the assignment of the contract to Thomas which had not been recorded. The record of the deed cannot be held to impart other information save of the transaction between Voss and Bradford. True, Voss was advised of such assignment, but this was not suggested by the record, and though he might, he was not bound to reveal this fact upon inquiry. As no investigation was made by Lindberg, he can be held to have known only that which would have been ascertained by such inquiries as the record would have suggested to an ordinarily prudent man (*Shoemake v. Smith,* 80 Iowa, 655), and surely the mere circumstance that the contract was assignable would not have led him to inquire of Voss, who neither had possession of the contract

nor could assign it; whether Bradford had parted with it. The assignment to Thomas was an instrument affecting real estate, and, to be of any validity as to a subsequent purchaser without notice like Lindberg, must have been recorded. As every man is presumed to know the law, he must be assumed to have understood that the contract was assignable, but from that fact he was no more required to enter upon an investigation as to whether the right to assign had been exercised by Bradford than to make a like investigation as to whether Voss had conveyed the land to some one else. To hold otherwise would be tantamount to adjudging the record of the deed, not only notice of Voss' interest in the land but that of third parties as well. The case differs from *Security Savings & Trust Co. v. Loewenberg,* 38 Or. 159 (62 Pac. 647), in that all the claims, though for others, were held by the company taking title, and the court decided that a subsequent purchaser was charged with notice of all claims so held by it, even though some of them had been acquired subsequent to the original transaction. Manifestly no notice of a higher claim than that of the original deed could have been affected by placing the subsequent transactions of record, for this imported notice of the greatest interest possible. 1 Jones on Mortgages, section 513. Here the appellant concedes that he was charged with notice of whatever claims Voss had and therefore of the existence of his contract to convey to Bradford, but contends that knowledge that said contract had been delivered to Bradford did not charge him with notice, also, that it had been assigned by Bradford to Thomas. Certainly Lindberg can be put in no worse position than he would have been in had the contract been recorded. Had this been done, he might have dealt with Bradford on the basis that he still retained it, as the assignment to Thomas had not been recorded. No one would contend that he must have made inquiry *aliunde* the record to ascertain if Bradford still held it. If not, then he was not bound to do so when, though not recorded, he was charged with notice of its

existence from the record of the deed to Voss. The result is that, in so far as Thomas' claim is concerned, Lindberg was an innocent purchaser, and had a perfect defense to the action begun by Thomas. Decree should have been entered granting appropriate relief with respect to the notes of Bradford and canceling the decree entered in favor of Thomas, in so far as it awards relief against plaintiff or the land.— *Affirmed* on the appeal of the executors, and *reversed* on plaintiff's appeal.