MRS. E. E. WORRALL, Appellee, v. H. S. CHASE & Co. and others, Appellants.

**Justice of the peace:** ENTRY OF JUDGMENT: JURISDICTION.   The statute requiring a justice to enter judgment in certain cases within three days after final submission, is not modified by the statute authorizing him to adjourn the trial when he is for any reason unable to give the case attention:   So that failure to enter judgment within the three days, notwithstanding press of business, deprives him of jurisdiction.

**Judgments:** INVALIDITY: EQUITABLE RELIEF.   The enforcement of a void judgment may be enjoined notwithstanding the remedies provided by appeal and *certiorari.*

**Same:** BURDEN OF PROOF.   To enjoin a void judgment it is not necessary for the defendant to show that he does not owe the debt for which it was rendered.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

TUESDAY, NOVEMBER 23, 1909.

ACTION in equity to restrain the enforcement of an alleged judgment rendered by a justice of the peace against the plaintiff in favor of H. S. Chase & Co.   Decree for plaintiff, and defendants appeal.   *Affirmed.*

*Schenck & Berryhill* and *F. A. Cope,* for appellants.

*J. L. Witmer,* for appellee.

WEAVER, J.—The parties stipulate for the submission of the case upon the following facts:

(1) That H. S. Chase & Co. is a corporation.

(2) That Fred A. Cope is a justice of the peace in Des Moines, Polk County, Iowa.

(3) That the defendant, J. L. Porter, is a duly acting constable.

(4) That on or about September 8, 1908, the said H. S. Chase & Co. filed in the office of Fred A. Cope a petition upon an open account for groceries, praying for judgment against this plaintiff, Mrs. E. E. (Loretta) Worrall, and asking that a writ of attachment issue thereon, upon the third, fourth, fifth, and eighth grounds for attachment under section 3878 of the Code of Iowa.

(5) That a writ of attachment issued.

(6) That the said J. L. Porter levied upon certain described personal property owned by plaintiff, Mrs. E. E. (Loretta) Worrall.

(7) That this plaintiff, the said Mrs. E. E. Worrall, filed a verified answer to said petition, claiming the exemption of said property, and said cause was tried to the court, commencing at ten o'clock a. m., on September 18, 1908; that the evidence was all introduced and the argument of counsel completed at four-thirty p. m. of said September 18, 1908.

(8) That thereupon the said defendant, Fred A. Cope, justice of the peace, asked that he might have three days' time to look into the authorities, for the purpose of determining said issues. That said request was acquiesced in by the attorneys for both parties, whereupon the said justice continued the said trial for three days, to wit, to September 21, 1908.

(9) It is stipulated and agreed that at the time of said trial, and of said continuance, said Fred A. Cope was the only acting justice of the peace in Des Moines township, Polk County, Iowa, in consequence of which all of the business ordinarily transacted by the two justice courts in said township fell upon the said Fred A. Cope. That the said justice of the peace, having been unable to attend to the matters aforesaid, on the said September 21, 1908, upon his own motion entered a purported continuance of

said trial to September 24, 1908. That on September 24, 1908, the said Fred A. Cope, justice of the peace, entered judgment for the said H. S. Chase & Co. as against the said Mrs. E. E. (Loretta) Worrall in the sum of $67.92, on page 247 of volume 65 of his docket, as is set out in Exhibit A to plaintiff's petition.

(11) That the said plaintiff, Mrs. E. E. (Loretta) Worrall, and her said attorney, J. L. Witmer, had knowledge of the rendition of said judgment on said September 24, 1908, and at all times thereafter.

(12) And that on the 14th day of November, 1908, and within twenty days after the rendition of said judgment, said Mrs. E. E. (Loretta) Worrall commenced this action to enjoin proceedings under said judgment of the said Fred A. Cope, justice of the peace, by service of original notice and by securing a temporary injunction before Hon. Hugh Brennan, judge of the district court in and for Polk County, Iowa.

(13) It is stipulated and agreed that the facts, as above set out, constitute all the evidence necessary to the determination of the merits of said cause, and that said stipulation shall be submitted to the court, and shall have the same force and effect as if these facts had been proven by undisputed testimony of witnesses duly sworn and examined in said court.

Upon this showing it is plaintiff's contention that the judgment is void for want of jurisdiction in the justice to render it. On the other hand, the defendants insist that the conceded facts show full authority and jurisdiction in said justice to enter the judgment in controversy, and that in any event equity will not interfere to set it aside. The trial court held with the plaintiff. The statute defining the civil jurisdiction of a justice of the peace provides for the commencement of actions by the service of original notice or by voluntary appearance. Code, section 4486. The time fixed in such notice may not be less than five or more than fifteen days. Code, section 4490. Upon the return day, if the justice be engaged in other official business, he

1. JUSTICE OF THE PEACE: entry of judgment: jurisdiction.

may postpone proceedings until such business be finished. Code, section 4495. If for any cause he is unable to attend the trial at the time fixed, he may on his own motion adjourn the case for a period not exceeding three days, but he may not make more than two such adjournments. Code, section 4496. The powers and duties of the justice with reference to the entry of judgment are stated in these words: "In cases of dismissal or judgment by confession or on the verdict of a jury the judgment shall be entered on the docket forthwith. In all other cases it shall be done within three days after the cause is submitted to the justice for final action." Code, section 4522. Such being the law applicable to the case, is the judgment in question void for want of jurisdiction in the justice? It is quite clear that this question must be answered in the affirmative. Our own precedents bearing on this class of cases are quite numerous, and are uniform in their conclusions. Where the statute requires the justice to act forthwith, a reasonable delay of a few hours has been held not to deprive him of jurisdiction (*Burchett v. Casidy,* 18 Iowa, 342; *Davis v. Simma,* 14 Iowa, 154); but where the statute requires him to act within a specified number of days, we think it has never been held that he can retain jurisdiction beyond the defined limit without the consent of the parties affected by his action. His official relation to the proceedings ceases with the end of the period fixed by the statute, and his acts thereafter performed are wholly nugatory. The limit of time fixed by law for the entry of the judgment is as we have already said "forthwith," or with reasonable promptness, in cases of dismissal or confession or jury verdict, and three days in all other cases. That judgments rendered after the time fixed are void has been held in *Harper v. Allbee,* 10 Iowa, 389; *Tomlinson v. Litze,* 82 Iowa, 32; *Guthrie v. Humphrey,* 7 Iowa, 23; *Telegraph Co. v. Boylan,* 86 Iowa, 90. The statute, Code, section 4522, which requires the entry of judgment within

three days is in no manner modified by the authority given the justice in section 4496 to adjourn the time of trial when, for any reason, he is unable to give the matter attention. It is assumed that three days is ample time, after a case has been submitted, for the justice to reach a decision and make proper entry on his docket; and the fact that press of business may sometimes render it inconvenient to perform this duty within the allotted period will not obviate the objection to the exercise of the power after that period has expired. The authority of the justice of the peace is purely statutory, and to have life and validity his official acts must be done and performed within the limitations thus placed upon his jurisdiction.

It is urged, however, and this we conclude is the point chiefly relied upon by appellant, that even conceding the invalidity of the judgment, appellee is not entitled to 2. JUDGMENTS: equitable relief, because she has a speedy invalidity: and adequate remedy at law by appeal or equitable relief. by certiorari or by replevin of the attached property, and that in any case, in order to receive equitable relief, she is required to negative the alleged indebtedness on which the void judgment was rendered. Without prolonging this opinion for a review of the authorities it may be said with confidence that although the doctrine here contended for has been pressed upon the attention of this court at frequent intervals for many years, it has never been approved, and is no part of the law as administered in this state. Appeal or certiorari or both may be available in such cases, but they are neither adequate nor speedy in the sense required to exclude equitable jurisdiction. In *Arnold v. Hawley,* 67 Iowa, 313, the court drew a distinction between void judgments and those which are voidable, and held that against the former injunction will lie. That holding is again affirmed in *Henkle v. Holmes,* 97 Iowa, 695; *Insurance Co. v. Waterhouse,* 78 Iowa, 674; *Telegraph Co. v. Boylan,* 86 Iowa, 90; *Lindberg v. Thom-*

*as,* 137 Iowa, 52; *Rea v. Rea,* 123 Iowa, 245. In the *Lindberg* case we said that the right to maintain an equitable action in such cases "is too well settled for discussion."

It is no less well settled that when a judgment is absolutely void, the defendant therein is charged with no burden to disprove the existence of the alleged indebtedness on which it purports to have been rendered. *Arnold v. Hawley, supra; Henkle v. Holmes, supra.* It may be conceded that in some of our cases language has been used which, taken literally and without reference to the facts of the particular case, lends some support to appellant's claim; but as will be seen by reading the cases cited, this court has never committed itself to that doctrine. When carefully examined, it will be seen that the doctrine of the cases relied upon by the appellants is that when the judgment defendant admits, or it appears without contradiction, that the debt represented by the void judgment is just and unpaid, equity will not lend him its aid to reopen the case or set aside the attempted adjudication, and to such rule there can be no serious objection; but to extend it farther, and say that one claiming to be the creditor of another, may by the expedient of obtaining a void judgment cast upon the debtor the burden of showing that he does not owe the alleged debt, would be subversive of all sound principles of justice and orderly procedure.

3. SAME: burden of proof.

The case at bar does not fall within the exception, and the district court rightfully enjoined collection of the judgment. *Affirmed.*